SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
SHAWN A. MANGANO, LTD.
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129-7701
Tel: (702) 304-0432
Fax: (702) 922-3851

*Attorney for Plaintiff Righthaven LLC*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>        Plaintiff,<br><br>v.<br><br>RICK ALLEC, an individual; and RX ADVERTISING, INC. LLC, a limited-liability company of unknown origin,<br><br>        Defendants. | Case No.: 2:11-cv-00532<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Righthaven LLC ("Righthaven") complains as follows against Rick Allec ("Mr. Allec"), and RX Advertising, Inc. LLC ("RX"; collectively with Mr. Allec known herein as the "Defendants"), on information and belief, and at all times relevant lawsuit, unless otherwise specifically indicated herein to the contrary:

## NATURE OF ACTION

1.      This is an action for copyright infringement, and vicarious copyright infringement, pursuant to 17 U.S.C. §501 ("Complaint").

1

## PARTIES

2.       Righthaven is a Nevada limited-liability company with its principal place of business in Nevada.

3.       Righthaven is in good standing with the Nevada Secretary of State.

4.       Mr. Allec is a resident of Nevada.

5.       Mr. Allec is identified by the current registrar, Safenames LTD ("Safenames"), as the registrant of the Internet domain found at <therxforum.com> (the "Domain").

6.       Mr. Allec is in control of the content accessible through the Domain (said content accessible through the Domain and the Domain itself collectively known herein as the "Website").

7.       Mr. Allec is the owner of the Domain, as evidenced by information found at the Internet domain <website.informer.com>, attached hereto as Exhibit 1.

8.       RX is a limited-liability company of unknown origin.

9.       Attempts to find evidence of the formal organizational status in the respective Secretary of State offices of California, Delaware, Illinois, Nevada, New York, Tennessee and Texas demonstrate that, at least with respect to these states, RX is not a formally organized business entity.

10.      RX is in control of the content accessible through the Website.

11.      RX is the self-proclaimed owner of the copyright(s) in the literary works posted on the Website as evidenced by a copyright notice displayed on the Website: "(c) 2007 RX Advertising, Inc. LLC, All Rights Reserved" (the "Copyright Notice").

12.      As of the date of the filing of this Complaint, RX continues to claim ownership of the copyright(s) in the literary works posted on the Website, inclusive of the Infringing Works, as evidenced by the Copyright Notice.

## JURISDICTION

13.      This Court has original subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1338(a).

2

14.     Mr. Allec is a resident of Nevada with a current address of 2856 Barrow Downs Street, Las Vegas, Nevada 89135.

15.     Mr. Allec purposefully conducts activities in the State of Nevada, which have resulted in the copyright infringement alleged herein.

16.     RX purposefully conducts activities in the State of Nevada, which have resulted in the copyright infringement alleged herein.

17.     RX purposefully utilizes a Nevada resident as the registrant of the Domain.

## **VENUE**

18.     The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. §1391(b)(3), because Mr. Allec may be found in Nevada.

19.      The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. §1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in Nevada.

20.     The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. § 1400 (a), because the Defendants are subject to personal jurisdiction in Nevada.

## **FACTS**

21.     Righthaven is the owner of the copyright in the literary work entitled, "Rockets 11-10-10" (the "Rockets Work"), attached hereto as Exhibit 2.

22.     The Rockets Work was originally published on November 10, 2010.

23.     On or about November 10, 2010, the Defendants displayed, and continue to display, an unauthorized reproduction of the Rockets Work (the "Rockets Infringement"), attached hereto as Exhibit 3, on the Website.

24.     On February 7, 2011, the United States Copyright Office (the "USCO") received Righthaven's official submittal for the registration of the Rockets Work, including the application, the deposit copy, and the registration fee (the "Complete Application"), Service

Request No. 1-561050694, and attached hereto as Exhibit 4 is the official USCO application submittal for the Rockets Work depicting the occurrence of the Complete Application.

25.     Righthaven is the owner of the copyright in the literary work entitled, "Hawks 11-10-10" (the "Hawks Work"), attached hereto as Exhibit 5.

26.     The Hawks Work was originally published on November 10, 2010.

27.     On or about November 10, 2010, the Defendants displayed, and continue to display, an unauthorized reproduction of the Hawks Work (the "Hawks Infringement"), attached hereto as Exhibit 6, on the Website.

28.     On February 7, 2011, the United States Copyright Office (the "USCO") received Righthaven's Complete Application for the registration of the Hawks Work, Service Request No. 1-561090692, and attached hereto as Exhibit 7 is the official USCO application submittal for the Hawks Work depicting the occurrence of the Complete Application.

29.     Righthaven is the owner of the copyright in the literary work entitled, "Ravens These two very good teams meet 11-11-10" (the "Good Teams Work"), attached hereto as Exhibit 8.

30.     The Good Teams Work was originally published on November 11, 2010.

31.     On or about November 11, 2010, the Defendants displayed, and continue to display, an unauthorized reproduction of the Good Teams Work (the "Good Teams Infringement"), attached hereto as Exhibit 9, on the Website.

32.     On February 9, 2011, the United States Copyright Office (the "USCO") received Righthaven's Complete Application for the registration of the Good Teams Work, Service Request No. 1-562371672, and attached hereto as Exhibit 10 is the official USCO application submittal for the Good Teams Work depicting the occurrence of the Complete Application.

33.     Righthaven is the owner of the copyright in the literary work entitled, "Ravens If you haven't heard it by now 11-11-10" (the "Ravens Work"), attached hereto as Exhibit 11.

34.     The Ravens Work was originally published on November 11, 2010.

35.     On or about November 11, 2010, the Defendants displayed, and continue to display, an unauthorized reproduction of the Ravens Work (the "Ravens Infringement"), attached hereto as Exhibit 12, on the Website.

36.     On February 9, 2011, the United States Copyright Office (the "USCO") received Righthaven's Complete Application for the registration of the Ravens Work, Service Request No. 1-562553716, and attached hereto as Exhibit 13 is the official USCO application submittal for the Ravens Work depicting the occurrence of the Complete Application.

37.     Righthaven is the owner of the copyright in the literary work entitled, "Cardinal Arizona State has been in every game 11-13-10" (the "Cardinal Work"), attached hereto as Exhibit 14.

38.     The Cardinal Work was originally published on November 13, 2010.

39.     On or about November 13, 2010, the Defendants displayed, and continue to display, an unauthorized reproduction of the Cardinal Work (the "Cardinal Infringement"), attached hereto as Exhibit 15, on the Website.

40.     On February 11, 2011, the United States Copyright Office (the "USCO") received Righthaven's Complete Application for the registration of the Cardinal Work, Service Request No. 1-563204602, and attached hereto as Exhibit 16 is the official USCO application submittal for the Cardinal Work depicting the occurrence of the Complete Application.

41.     Righthaven is the owner of the copyright in the literary work entitled, "Over the total Michigan is going to score points 11-13-10" (the "Michigan Work"), attached hereto as Exhibit 17.

42.     The Michigan Work was originally published on November 13, 2010.

43.     On or about November 13, 2010, the Defendants displayed, and continue to display, an unauthorized reproduction of the Michigan Work (the "Michigan Infringement"), attached hereto as Exhibit 18, on the Website.

44.     On February 11, 2011, the United States Copyright Office (the "USCO") received Righthaven's Complete Application for the registration of the Michigan Work, Service Request

No. 1-563204636, and attached hereto as Exhibit 19 is the official USCO application submittal for the Michigan Work depicting the occurrence of the Complete Application.

45.     Righthaven is the owner of the copyright in the literary work entitled, "49ers Both of these teams are coming off 11-14-10" (the "49ers Work"), attached hereto as Exhibit 20.

46.     The 49ers Work was originally published on November 14, 2010.

47.     On or about November 14, 2010, the Defendants displayed, and continue to display, an unauthorized reproduction of the 49ers Work (the "49ers Infringement"), attached hereto as Exhibit 21, on the Website.

48.     On February 11, 2011, the United States Copyright Office (the "USCO") received Righthaven's Complete Application for the registration of the 49ers Work, Service Request No. 1-563204669, and attached hereto as Exhibit 22 is the official USCO application submittal for the 49ers Work depicting the occurrence of the Complete Application.

49.     Righthaven is the owner of the copyright in the literary work entitled, "Browns Damn right I'm backing Cleveland 11-14-10" (the "Browns Work"), attached hereto as Exhibit 23.

50.     The Browns Work was originally published on November 14, 2010.

51.     On or about November 14, 2010, the Defendants displayed, and continue to display, an unauthorized reproduction of the Browns Work (the "Browns Infringement"), attached hereto as Exhibit 24, on the Website.

52.     On February 11, 2011, the United States Copyright Office (the "USCO") received Righthaven's Complete Application for the registration of the Browns Work, Service Request No. 1-563365704, and attached hereto as Exhibit 25 is the official USCO application submittal for the Browns Work depicting the occurrence of the Complete Application.

53.     Righthaven is the owner of the copyright in the literary work entitled, "Temple How can a team 11-16-10" (the "Temple Work"), attached hereto as Exhibit 26.

54.     The Temple Work was originally published on November 16, 2010.

55.     On or about November 16, 2010, the Defendants displayed, and continue to display, an unauthorized reproduction of the Temple Work (the "Temple Infringement"), attached hereto as Exhibit 27, on the Website.

56.     On February 11, 2011, the United States Copyright Office (the "USCO") received Righthaven's Complete Application for the registration of the Temple Work, Service Request No. 1-563365729, and attached hereto as Exhibit 28 is the official USCO application submittal for the Temple Work depicting the occurrence of the Complete Application.

57.     Righthaven is the owner of the copyright in the literary work entitled, "Analysis Thank Ohio University for this play 11-17-10" (the "Ohio Work"), attached hereto as Exhibit 29.

58.     The Ohio Work was originally published on November 17, 2010.

59.     On or about November 17, 2010, the Defendants displayed, and continue to display, an unauthorized reproduction of the Ohio Work (the "Ohio Infringement"), attached hereto as Exhibit 30, on the Website.

60.     On February 11, 2011, the United States Copyright Office (the "USCO") received Righthaven's Complete Application for the registration of the Ohio Work, Service Request No. 1-563365754, and attached hereto as Exhibit 31 is the official USCO application submittal for the Ohio Work depicting the occurrence of the Complete Application.

61.     Righthaven is the owner of the copyright in the literary work entitled, "Suns Absolutely ridiculous pointspread 11-17-10" (the "Suns Work"), attached hereto as Exhibit 32.

62.     The Suns Work was originally published on November 17, 2010.

63.     On or about November 17, 2010, the Defendants displayed, and continue to display, an unauthorized reproduction of the Suns Work (the "Suns Infringement"), attached hereto as Exhibit 33, on the Website.

64.     On February 11, 2011, the United States Copyright Office (the "USCO") received Righthaven's Complete Application for the registration of the Suns Work, Service Request No. 1-563365779, and attached hereto as Exhibit 34 is the official USCO application submittal for the Suns Work depicting the occurrence of the Complete Application.

65.      Righthaven is the owner of the copyright in the literary work entitled, "Don't look now, but the defending champs have won six in a row overall (4-2_ATS and four in a row on the highway.  12-19-10" (the "Defending Champs Work"), attached hereto as Exhibit 35.

66.      The Defending Champs Work was originally published on December 19, 2010.

67.      On or about December 19, 2010, the Defendants displayed, and continue to display, an unauthorized reproduction of the Defending Champs Work (the "Defending Champs Infringement"), attached hereto as Exhibit 36, on the Website.

68.      On March 18, 2011, the United States Copyright Office (the "USCO") received Righthaven's Complete Application for the registration of the Defending Champs Work, Service Request No. 1-583999148, and attached hereto as Exhibit 37 is the official USCO application submittal for the Defending Champs Work depicting the occurrence of the Complete Application.

69.      Righthaven is the owner of the copyright in the literary work entitled, "BEARS Yep, one week after cashing in big 01-16-11" (the "Bears Work"), attached hereto as Exhibit 38.

70.      The Bears Work was originally published on January 16, 2011.

71.      On or about January 16, 2011, the Defendants displayed, and continue to display, an unauthorized reproduction of the Bears Work (the "Bears Infringement"), attached hereto as Exhibit 39, on the Website.

72.      On March 22, 2011, the United States Copyright Office (the "USCO") received Righthaven's Complete Application for the registration of the Bears Work, Service Request No. 1-585573660, and attached hereto as Exhibit 40 is the official USCO application submittal for the Bears Work depicting the occurrence of the Complete Application.

73.      Righthaven is the owner of the copyright in the literary work entitled, "1st Ever Bowl 2500 Game of my Life, and it is a play on Fresno State as the small undYerdog versus Northern Illinois.  12-18-10" (the "Fresno State Work"), attached hereto as Exhibit 41.

74.      The Fresno State Work was originally published on December 18, 2010.

75.     On or about December 18, 2010, the Defendants displayed, and continue to display, an unauthorized reproduction of the Fresno State Work (the "Fresno State Infringement"), attached hereto as Exhibit 42, on the Website.

76.     On March 18, 2011, the United States Copyright Office (the "USCO") received Righthaven's Complete Application for the registration of the Fresno State Work, Service Request No. 1-583999213, and attached hereto as Exhibit 43 is the official USCO application submittal for the Fresno State Work depicting the occurrence of the Complete Application.

77.     Righthaven is the owner of the copyright in the literary work entitled, "ROCKETS (plus the points and money-line) 7-0 That's the Rockets' record 01-21-11" (the "Rockets II Work"), attached hereto as Exhibit 44.

78.     The Rockets II Work was originally published on January 21, 2011.

79.     On or about January 21, 2011, the Defendants displayed, and continue to display, an unauthorized reproduction of the Rockets II Work (the "Rockets II Infringement"), attached hereto as Exhibit 45, on the Website.

80.     On March 22, 2011, the United States Copyright Office (the "USCO") received Righthaven's Complete Application for the registration of the Rockets II Work, Service Request No. 1-585621705, and attached hereto as Exhibit 46 is the official USCO application submittal for the Rockets II Work depicting the occurrence of the Complete Application.

81.     Righthaven is the owner of the copyright in the literary work entitled, "TENNESSEE How do you lay points 01-05-11" (the "Tennessee Work"), attached hereto as Exhibit 47.

82.     The Tennessee Work was originally published on January 5, 2011.

83.     On or about January 5, 2011, the Defendants displayed, and continue to display, an unauthorized reproduction of the Tennessee Work (the "Tennessee Infringement"), attached hereto as Exhibit 48, on the Website.

84.     On March 22, 2011, the United States Copyright Office (the "USCO") received Righthaven's Complete Application for the registration of the Tennessee Work, Service Request

No. 1-585573450, and attached hereto as Exhibit 49 is the official USCO application submittal for the Tennessee Work depicting the occurrence of the Complete Application.

85.     Righthaven is the owner of the copyright in the literary work entitled, "Iron" Joel Tyson for SatXrday, 30 Dime Stone Cold Lock is an Absolute BlowYout winner on Ohio State to step it up against South Carolina. 12-18-10 (the "Stone Cold Work"), attached hereto as Exhibit 50.

86.     The Stone Cold Work was originally published on December 18, 2010.

87.     On or about December 18, 2010, the Defendants displayed, and continue to display, an unauthorized reproduction of the Stone Cold Work (the "Stone Cold Infringement"), attached hereto as Exhibit 51, on the Website.

88.     On March 18, 2011, the United States Copyright Office (the "USCO") received Righthaven's Complete Application for the registration of the Stone Cold Work, Service Request No. 1-583999238, and attached hereto as Exhibit 52 is the official USCO application submittal for the Stone Cold Work depicting the occurrence of the Complete Application.

89.     Righthaven is the owner of the copyright in the literary work entitled, "BYU playing in the New Mexico Bowl isn't exactly exciting for Cougar fans. 12-18-10" (the "BYU Work"), attached hereto as Exhibit 53.

90.     The BYU Work was originally published on December 18, 2010.

91.     On or about December 18, 2010, the Defendants displayed, and continue to display, an unauthorized reproduction of the BYU Work (the "BYU Infringement"), attached hereto as Exhibit 54, on the Website.

92.     On March 18, 2011, the United States Copyright Office (the "USCO") received Righthaven's Complete Application for the registration of the BYU Work, Service Request No. 1-583999303, and attached hereto as Exhibit 55 is the official USCO application submittal for the BYU Work depicting the occurrence of the Complete Application.

93.     Righthaven is the owner of the copyright in the literary work entitled, "TROY TROJANS (be sure to by the ½ point) --- Saturday's rather boring slate of football games

concludes this evening with the best value on the board.  12-18-10" (the "Trojans Work"), attached hereto as Exhibit 56.

94.     The Trojans Work was originally published on December 18, 2010.

95.     On or about December 18, 2010, the Defendants displayed, and continue to display, an unauthorized reproduction of the Trojans Work (the "Trojans Infringement"), attached hereto as Exhibit 57, on the Website.

96.     On March 18, 2011, the United States Copyright Office (the "USCO") received Righthaven's Complete Application for the registration of the Trojans Work, Service Request No. 1-583999328, and attached hereto as Exhibit 58 is the official USCO application submittal for the Trojans Work depicting the occurrence of the Complete Application.

97.     Righthaven is the owner of the copyright in the literary work entitled, "UTAH The pointspread took a big plunge on Tuesday 12-22-10" (the "Utah Work"), attached hereto as Exhibit 59.

98.     The Utah Work was originally published on December 22, 2010.

99.     On or about December 22, 2010, the Defendants displayed, and continue to display, an unauthorized reproduction of the Utah Work (the "Utah Infringement"), attached hereto as Exhibit 60, on the Website.

100.    On March 22, 2011, the United States Copyright Office (the "USCO") received Righthaven's Complete Application for the registration of the Utah Work, Service Request No. 1-585573424, and attached hereto as Exhibit 61 is the official USCO application submittal for the Utah Work depicting the occurrence of the Complete Application.

101.    Righthaven is the owner of the copyright in the literary work entitled, "OREGON Let's go over some undisputed facts. 01-10-11" (the "Oregon Work"), attached hereto as Exhibit 62.

102.    The Oregon Work was originally published on January 10, 2011.

103.    On or about January 10, 2011, the Defendants displayed, and continue to display, an unauthorized reproduction of the Oregon Work (the "Oregon Infringement"), attached hereto as Exhibit 63, on the Website.

11

104.    On March 22, 2011, the United States Copyright Office (the "USCO") received Righthaven's Complete Application for the registration of the Oregon Work, Service Request No. 1-585573570, and attached hereto as Exhibit 64 is the official USCO application submittal for the Oregon Work depicting the occurrence of the Complete Application.

105.    Righthaven is the owner of the copyright in the literary work entitled, "RAVENS 80-116. You know what that is? 01-09-11" (the "Ravens II Work"), attached hereto as Exhibit 65.

106.    The Ravens II Work was originally published on January 9, 2011.

107.    On or about January 9, 2011, the Defendants displayed, and continue to display, an unauthorized reproduction of the Ravens II Work (the "Ravens II Infringement"), attached hereto as Exhibit 66, on the Website.

108.    On March 22, 2011, the United States Copyright Office (the "USCO") received Righthaven's Complete Application for the registration of the Ravens II Work, Service Request No. 1-585573545, and attached hereto as Exhibit 67 is the official USCO application submittal for the Ravens II Work depicting the occurrence of the Complete Application.

109.    Righthaven is the owner of the copyright in the literary work entitled, "Love the Huskies here for a couple reasons, but none bigger than the public's ovXreaction to the coaching change.  12-18-10" (the "Huskies Work"), attached hereto as Exhibit 68.

110.    The Huskies Work was originally published on December 18, 2010.

111.    On or about December 18, 2010, the Defendants displayed, and continue to display, an unauthorized reproduction of the Huskies Work (the "Huskies Infringement"), attached hereto as Exhibit 69, on the Website.

112.    On March 18, 2011, the United States Copyright Office (the "USCO") received Righthaven's Complete Application for the registration of the Huskies Work, Service Request No. 1-583999413, and attached hereto as Exhibit 70 is the official USCO application submittal for the Huskies Work depicting the occurrence of the Complete Application.

113.     Righthaven is the owner of the copyright in the literary work entitled, "5 dime pick on Baylor as the favorite againXt visiting Gonzaga in a game being played in Dallas.  12-18-10" (the "Baylor Work"), attached hereto as Exhibit 71.

114.     The Baylor Work was originally published on December 18, 2010.

115.     On or about December 18, 2010, the Defendants displayed, and continue to display, an unauthorized reproduction of the Baylor Work (the "Baylor Infringement"), attached hereto as Exhibit 72, on the Website.

116.     On March 18, 2011, the United States Copyright Office (the "USCO") received Righthaven's Complete Application for the registration of the Baylor Work, Service Request No. 1-583999458, and attached hereto as Exhibit 73 is the official USCO application submittal for the Baylor Work depicting the occurrence of the Complete Application.

117.     Righthaven is the owner of the copyright in the literary work entitled, "Although this pointspread has dropped from an opening number of Northern Illinois minus-3, still have to respect the underdog's success in Fresno State bowl games.  12-18-10" (the "Northern Illinois Work"; collectively with the Rockets Work, the Hawks Work, the Good Teams Work, the Ravens Work, the Cardinal Work, the Michigan Work, the 49ers Work, the Browns Work, the Temple Work, the Ohio Work, the Suns Work, the Defending Champs Work, the Bears Work, the Fresno State Work, the Rockets II Work, the Tennessee Work, the Stone Cold Work, the BYU Work, the Trojans Work, the Utah Work, the Oregon Work, the Ravens II Work, the Huskies Work and the Baylor Work known herein as the "Works"), attached hereto as Exhibit 74.

118.     The Northern Illinois Work was originally published on December 18, 2010.

119.     On or about December 18, 2010, the Defendants displayed, and continue to display, an unauthorized reproduction of the Northern Illinois Work (the "Northern Illinois Infringement"; collectively with the Rockets Infringement, the Hawks Infringement, the Good Teams Infringement, the Ravens Infringement, the Cardinal Infringement, the Michigan Infringement, the 49ers Infringement, the Browns Infringement, the Temple Infringement, the Ohio Infringement, the Suns Infringement, the Defending Champs Infringement, the Bears

13

Infringement, the Fresno State Infringement, the Rockets II Infringement, the Tennessee Infringement, the Stone Cold Infringement, the BYU Infringement, the Trojans Infringement, the Utah Infringement, the Oregon Infringement, the Ravens II Infringement, the Huskies Infringement and the Baylor Infringement known herein as the "Infringing Works"), attached hereto as Exhibit 75, on the Website.

120.    On March 18, 2011, the United States Copyright Office (the "USCO") received Righthaven's Complete Application for the registration of the Northern Illinois Work, Service Request No. 1-583999483, and attached hereto as Exhibit 76 is the official USCO application submittal for the Northern Illinois Work depicting the occurrence of the Complete Application.

121.    The Works constitute copyrightable subject matter pursuant to 17 U.S.C. §102(a)(1).

122.    Righthaven is the owner of the copyrights in the Works.

123.    The Defendants did not seek permission, in any manner, to reproduce, display, or otherwise exploit the Works.

124.    The Defendants were not granted permission, in any manner, to reproduce, display, or otherwise exploit the Works.

125.    The Defendants knew, or reasonably should have known, that websites, such as the Website, are and were the habitual subject of contributions by others of copyright-infringing content to the Website.

126.    The Defendants did not institute any proactive policy of precluding or attempting to preclude the contributions by others of copyright-infringing content to the Website.

127.     The Defendants did not institute any proactive policy of monitoring or attempting to monitor the contributions by others of copyright-infringing content to the Website.

128.    The Defendants did not institute any proactive policy of deleting or attempting to delete the contributions by others of copyright-infringing content to the Website.

129.    The Defendants' failure to institute any proactive policies intended to address the contributions by others of copyright-infringing content to the Website constituted and constitutes the Defendants' willful blindness to copyright infringements occurring on the Website.

## **FIRST CLAIM FOR RELIEF: DIRECT COPYRIGHT**
## **INFRINGEMENT OF THE ROCKETS WORK**

130.     Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 128 above.

131.     Righthaven holds the exclusive right to reproduce the Rockets Work, pursuant to 17 U.S.C. §106(1).

132.     Righthaven holds the exclusive right to prepare derivative works based upon the Rockets Work, pursuant to 17 U.S.C. §106(2).

133.     Righthaven holds the exclusive right to distribute copies of the Rockets Work, pursuant to 17 U.S.C. §106(3).

134.     Righthaven holds the exclusive right to publicly display the Rockets Work, pursuant to 17 U.S.C. §106(5).

135.     The Defendants reproduced the Rockets Work in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(1).

136.     The Defendants created an unauthorized derivative of the Rockets Work in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(2).

137.     The Defendants distributed, and continue to distribute, an unauthorized reproduction of the Rockets Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(3).

138.     The Defendants publicly displayed, and continue to display, an unauthorized reproduction of the Rockets Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(5).

139.     Mr. Allec has willfully engaged in the copyright infringement of the Rockets Work.

140.     RX has willfully engaged in the copyright infringement of the Rockets Work.

141.     Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

142.     Unless the Defendants are preliminarily and permanently enjoined from further infringement of the Rockets Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the Rockets Work, pursuant to 17 U.S.C. §502.

## SECOND CLAIM FOR RELIEF: DIRECT COPYRIGHT INFRINGEMENT OF THE HAWKS WORK

143.     Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 142 above.

144.     Righthaven holds the exclusive right to reproduce the Hawks Work, pursuant to 17 U.S.C. §106(1).

145.     Righthaven holds the exclusive right to prepare derivative works based upon the Hawks Work, pursuant to 17 U.S.C. §106(2).

146.     Righthaven holds the exclusive right to distribute copies of the Hawks Work, pursuant to 17 U.S.C. §106(3).

147.     Righthaven holds the exclusive right to publicly display the Hawks Work, pursuant to 17 U.S.C. §106(5).

148.     The Defendants reproduced the Hawks Work in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(1).

149.     The Defendants created an unauthorized derivative of the Hawks Work in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(2).

150.     The Defendants distributed, and continue to distribute, an unauthorized reproduction of the Hawks Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(3).

151.     The Defendants publicly displayed, and continue to display, an unauthorized reproduction of the Hawks Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(5).

152.    Mr. Allec has willfully engaged in the copyright infringement of the Hawks Work.

153.    RX has willfully engaged in the copyright infringement of the Hawks Work.

154.    Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

155.    Unless the Defendants are preliminarily and permanently enjoined from further infringement of  the Hawks Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the Hawks Work, pursuant to 17 U.S.C. §502.

## THIRD CLAIM FOR RELIEF: DIRECT COPYRIGHT
## INFRINGEMENT OF THE GOOD TEAMS WORK

156.    Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 155 above.

157.    Righthaven holds the exclusive right to reproduce the Good Teams Work, pursuant to 17 U.S.C. §106(1).

158.    Righthaven holds the exclusive right to prepare derivative works based upon the Good Teams Work, pursuant to 17 U.S.C. §106(2).

159.    Righthaven holds the exclusive right to distribute copies of the Good Teams Work, pursuant to 17 U.S.C. §106(3).

160.    Righthaven holds the exclusive right to publicly display the Good Teams Work, pursuant to 17 U.S.C. §106(5).

161.    The Defendants reproduced the Good Teams Work in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(1).

162.    The Defendants created an unauthorized derivative of the Good Teams Work in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(2).

163.     The Defendants distributed, and continue to distribute, an unauthorized reproduction of the Good Teams Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(3).

164.     The Defendants publicly displayed, and continue to display, an unauthorized reproduction of the Good Teams Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(5).

165.     Mr. Allec has willfully engaged in the copyright infringement of the Good Teams Work.

166.     RX has willfully engaged in the copyright infringement of the Good Teams Work.

167.     Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

168.     Unless the Defendants are preliminarily and permanently enjoined from further infringement of the Good Teams Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the Good Teams Work, pursuant to 17 U.S.C. §502.

## FOURTH CLAIM FOR RELIEF: DIRECT COPYRIGHT
## INFRINGEMENT OF THE RAVENS WORK

169.     Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 168 above.

170.     Righthaven holds the exclusive right to reproduce the Ravens Work, pursuant to 17 U.S.C. §106(1).

171.     Righthaven holds the exclusive right to prepare derivative works based upon the Ravens Work, pursuant to 17 U.S.C. §106(2).

172.     Righthaven holds the exclusive right to distribute copies of the Ravens Work, pursuant to 17 U.S.C. §106(3).

18

173.    Righthaven holds the exclusive right to publicly display the Ravens Work, pursuant to 17 U.S.C. §106(5).

174.    The Defendants reproduced the Ravens Work in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(1).

175.    The Defendants created an unauthorized derivative of the Ravens Work in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(2).

176.    The Defendants distributed, and continue to distribute, an unauthorized reproduction of the Ravens Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(3).

177.    The Defendants publicly displayed, and continue to display, an unauthorized reproduction of the Ravens Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(5).

178.    Mr. Allec has willfully engaged in the copyright infringement of the Ravens Work.

179.    RX has willfully engaged in the copyright infringement of the Ravens Work.

180.    Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

181.    Unless the Defendants are preliminarily and permanently enjoined from further infringement of the Ravens Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the Ravens Work, pursuant to 17 U.S.C. §502.

## FIFTH CLAIM FOR RELIEF: DIRECT COPYRIGHT INFRINGEMENT OF THE CARDINAL WORK

182.    Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 181 above.

183.    Righthaven holds the exclusive right to reproduce the Cardinal Work, pursuant to 17 U.S.C. §106(1).

184.    Righthaven holds the exclusive right to prepare derivative works based upon the Cardinal Work, pursuant to 17 U.S.C. §106(2).

185.    Righthaven holds the exclusive right to distribute copies of the Cardinal Work, pursuant to 17 U.S.C. §106(3).

186.    Righthaven holds the exclusive right to publicly display the Cardinal Work, pursuant to 17 U.S.C. §106(5).

187.    The Defendants reproduced the Cardinal Work in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(1).

188.    The Defendants created an unauthorized derivative of the Cardinal Work in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(2).

189.    The Defendants distributed, and continue to distribute, an unauthorized reproduction of the Cardinal Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(3).

190.    The Defendants publicly displayed, and continue to display, an unauthorized reproduction of the Cardinal Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(5).

191.    Mr. Allec has willfully engaged in the copyright infringement of the Cardinal Work.

192.    RX has willfully engaged in the copyright infringement of the Cardinal Work.

193.    Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

194.    Unless the Defendants are preliminarily and permanently enjoined from further infringement of the Cardinal Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the Cardinal Work, pursuant to 17 U.S.C. §502.

## SIXTH CLAIM FOR RELIEF: DIRECT COPYRIGHT
## INFRINGEMENT OF THE MICHIGAN WORK

195.    Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 194 above.

196.    Righthaven holds the exclusive right to reproduce the Michigan Work, pursuant to 17 U.S.C. §106(1).

197.    Righthaven holds the exclusive right to prepare derivative works based upon the Michigan Work, pursuant to 17 U.S.C. §106(2).

198.    Righthaven holds the exclusive right to distribute copies of the Michigan Work, pursuant to 17 U.S.C. §106(3).

199.    Righthaven holds the exclusive right to publicly display the Michigan Work, pursuant to 17 U.S.C. §106(5).

200.    The Defendants reproduced the Michigan Work in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(1).

201.    The Defendants created an unauthorized derivative of the Michigan Work in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(2).

202.    The Defendants distributed, and continue to distribute, an unauthorized reproduction of the Michigan Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(3).

203.    The Defendants publicly displayed, and continue to display, an unauthorized reproduction of the Michigan Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(5).

204.    Mr. Allec has willfully engaged in the copyright infringement of the Michigan Work.

205.    RX has willfully engaged in the copyright infringement of the Michigan Work.

206.    Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

207.     Unless the Defendants are preliminarily and permanently enjoined from further infringement of the Michigan Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the Michigan Work, pursuant to 17 U.S.C. §502.

## SEVENTH CLAIM FOR RELIEF: DIRECT COPYRIGHT INFRINGEMENT OF THE 49ERS WORK

208.     Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 207 above.

209.     Righthaven holds the exclusive right to reproduce the 49ers Work, pursuant to 17 U.S.C. §106(1).

210.     Righthaven holds the exclusive right to prepare derivative works based upon the 49ers Work, pursuant to 17 U.S.C. §106(2).

211.     Righthaven holds the exclusive right to distribute copies of the 49ers Work, pursuant to 17 U.S.C. §106(3).

212.     Righthaven holds the exclusive right to publicly display the 49ers Work, pursuant to 17 U.S.C. §106(5).

213.     The Defendants reproduced the 49ers Work in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(1).

214.     The Defendants created an unauthorized derivative of the 49ers Work in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(2).

215.     The Defendants distributed, and continue to distribute, an unauthorized reproduction of the 49ers Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(3).

216.     The Defendants publicly displayed, and continue to display, an unauthorized reproduction of the 49ers Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(5).

217.     Mr. Allec has willfully engaged in the copyright infringement of the 49ers Work.

22

218.     RX has willfully engaged in the copyright infringement of the 49ers Work.

219.     Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

220.     Unless the Defendants are preliminarily and permanently enjoined from further infringement of the 49ers Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the 49ers Work, pursuant to 17 U.S.C. §502.

## EIGHTH CLAIM FOR RELIEF: DIRECT COPYRIGHT INFRINGEMENT OF THE BROWNS WORK

221.     Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 220 above.

222.     Righthaven holds the exclusive right to reproduce the Browns Work, pursuant to 17 U.S.C. §106(1).

223.     Righthaven holds the exclusive right to prepare derivative works based upon the Browns Work, pursuant to 17 U.S.C. §106(2).

224.     Righthaven holds the exclusive right to distribute copies of the Browns Work, pursuant to 17 U.S.C. §106(3).

225.     Righthaven holds the exclusive right to publicly display the Browns Work, pursuant to 17 U.S.C. §106(5).

226.     The Defendants reproduced the Browns Work in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(1).

227.     The Defendants created an unauthorized derivative of the Browns Work in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(2).

228.     The Defendants distributed, and continue to distribute, an unauthorized reproduction of the Browns Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(3).

23

229.    The Defendants publicly displayed, and continue to display, an unauthorized reproduction of the Browns Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(5).

230.    Mr. Allec has willfully engaged in the copyright infringement of the Browns Work.

231.    RX has willfully engaged in the copyright infringement of the Browns Work.

232.    Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

Unless the Defendants are preliminarily and permanently enjoined from further infringement of the Browns Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the Browns Work, pursuant to 17 U.S.C. §502.

## NINTH CLAIM FOR RELIEF: DIRECT COPYRIGHT INFRINGEMENT OF THE TEMPLE WORK

233.    Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 232 above.

234.    Righthaven holds the exclusive right to reproduce the Temple Work, pursuant to 17 U.S.C. §106(1).

235.    Righthaven holds the exclusive right to prepare derivative works based upon the Temple Work, pursuant to 17 U.S.C. §106(2).

236.    Righthaven holds the exclusive right to distribute copies of the Temple Work, pursuant to 17 U.S.C. §106(3).

237.    Righthaven holds the exclusive right to publicly display the Temple Work, pursuant to 17 U.S.C. §106(5).

238.    The Defendants reproduced the Temple Work in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(1).

24

239.     The Defendants created an unauthorized derivative of the Temple Work in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(2).

240.     The Defendants distributed, and continue to distribute, an unauthorized reproduction of the Temple Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(3).

241.     The Defendants publicly displayed, and continue to display, an unauthorized reproduction of the Temple Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(5).

242.     Mr. Allec has willfully engaged in the copyright infringement of the Temple Work.

243.     RX has willfully engaged in the copyright infringement of the Temple Work.

244.     Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

245.     Unless the Defendants are preliminarily and permanently enjoined from further infringement of the Temple Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the Temple Work, pursuant to 17 U.S.C. §502.

## TENTH CLAIM FOR RELIEF: DIRECT COPYRIGHT INFRINGEMENT OF THE OHIO WORK

246.     Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 245 above.

247.     Righthaven holds the exclusive right to reproduce the Ohio Work, pursuant to 17 U.S.C. §106(1).

248.     Righthaven holds the exclusive right to prepare derivative works based upon the Ohio Work, pursuant to 17 U.S.C. §106(2).

249.     Righthaven holds the exclusive right to distribute copies of the Ohio Work, pursuant to 17 U.S.C. §106(3).

250.     Righthaven holds the exclusive right to publicly display the Ohio Work, pursuant to 17 U.S.C. §106(5).

251.     The Defendants reproduced the Ohio Work in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(1).

252.     The Defendants created an unauthorized derivative of the Ohio Work in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(2).

253.     The Defendants distributed, and continue to distribute, an unauthorized reproduction of the Ohio Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(3).

254.     The Defendants publicly displayed, and continue to display, an unauthorized reproduction of the Ohio Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(5).

255.     Mr. Allec has willfully engaged in the copyright infringement of the Ohio Work.

256.     RX has willfully engaged in the copyright infringement of the Ohio Work.

257.     Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

258.     Unless the Defendants are preliminarily and permanently enjoined from further infringement of the Ohio Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the Ohio Work, pursuant to 17 U.S.C. §502.

## ELEVENTH CLAIM FOR RELIEF: DIRECT COPYRIGHT INFRINGEMENT OF THE SUNS WORK

259.     Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 258 above.

260.    Righthaven holds the exclusive right to reproduce the Suns Work, pursuant to 17 U.S.C. §106(1).

261.    Righthaven holds the exclusive right to prepare derivative works based upon the Suns Work, pursuant to 17 U.S.C. §106(2).

262.    Righthaven holds the exclusive right to distribute copies of the Suns Work, pursuant to 17 U.S.C. §106(3).

263.    Righthaven holds the exclusive right to publicly display the Suns Work, pursuant to 17 U.S.C. §106(5).

264.    The Defendants reproduced the Suns Work in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(1).

265.    The Defendants created an unauthorized derivative of the Suns Work in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(2).

266.    The Defendants distributed, and continue to distribute, an unauthorized reproduction of the Suns Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(3).

267.    The Defendants publicly displayed, and continue to display, an unauthorized reproduction of the Suns Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(5).

268.    Mr. Allec has willfully engaged in the copyright infringement of the Suns Work.

269.    RX has willfully engaged in the copyright infringement of the Suns Work.

270.    Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

271.    Unless the Defendants are preliminarily and permanently enjoined from further infringement of the Suns Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the Suns Work, pursuant to 17 U.S.C. §502.

## TWELFTH CLAIM FOR RELIEF: DIRECT COPYRIGHT

## INFRINGEMENT OF THE DEFENDING CHAMPS WORK

272.     Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 271 above.

273.     Righthaven holds the exclusive right to reproduce the Defending Champs Work, pursuant to 17 U.S.C. §106(1).

274.     Righthaven holds the exclusive right to prepare derivative works based upon Defending Champs Work, pursuant to 17 U.S.C. §106(2).

275.     Righthaven holds the exclusive right to distribute copies of Defending Champs Work, pursuant to 17 U.S.C. §106(3).

276.     Righthaven holds the exclusive right to publicly display Defending Champs Work, pursuant to 17 U.S.C. §106(5).

277.     The Defendants reproduced Defending Champs Work in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(1).

278.     The Defendants created an unauthorized derivative of Defending Champs Work in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(2).

279.     The Defendants distributed, and continue to distribute, an unauthorized reproduction of Defending Champs Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(3).

280.     The Defendants publicly displayed, and continue to display, an unauthorized reproduction of Defending Champs Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(5).

281.     Mr. Allec has willfully engaged in the copyright infringement of Defending Champs Work.

282.     RX has willfully engaged in the copyright infringement of Defending Champs Work.

283.     Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

284.     Unless the Defendants are preliminarily and permanently enjoined from further infringement of Defending Champs Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of Defending Champs Work, pursuant to 17 U.S.C. §502.

## THIRTEENTH CLAIM FOR RELIEF: DIRECT COPYRIGHT INFRINGEMENT OF THE BEARS WORK

285.     Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 284 above.

286.     Righthaven holds the exclusive right to reproduce the Bears Work, pursuant to 17 U.S.C. §106(1).

287.     Righthaven holds the exclusive right to prepare derivative works based upon the Bears Work, pursuant to 17 U.S.C. §106(2).

288.     Righthaven holds the exclusive right to distribute copies of the Bears Work, pursuant to 17 U.S.C. §106(3).

289.     Righthaven holds the exclusive right to publicly display the Bears Work, pursuant to 17 U.S.C. §106(5).

290.     The Defendants reproduced the Bears Work in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(1).

291.     The Defendants created an unauthorized derivative of the Bears Work in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(2).

292.     The Defendants distributed, and continue to distribute, an unauthorized reproduction of the Bears Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(3).

293.    The Defendants publicly displayed, and continue to display, an unauthorized reproduction of the Bears Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(5).

294.    Mr. Allec has willfully engaged in the copyright infringement of the Bears Work.

295.    RX has willfully engaged in the copyright infringement of the Bears Work.

296.    Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

297.    Unless the Defendants are preliminarily and permanently enjoined from further infringement of the Bears Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the Bears Work, pursuant to 17 U.S.C. §502.

## FOURTEENTH CLAIM FOR RELIEF: DIRECT COPYRIGHT INFRINGEMENT OF THE FRESNO STATE WORK

298.    Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 297 above.

299.    Righthaven holds the exclusive right to reproduce the Fresno State Work, pursuant to 17 U.S.C. §106(1).

300.    Righthaven holds the exclusive right to prepare derivative works based upon the Fresno State Work, pursuant to 17 U.S.C. §106(2).

301.    Righthaven holds the exclusive right to distribute copies of the Fresno State Work, pursuant to 17 U.S.C. §106(3).

302.    Righthaven holds the exclusive right to publicly display the Fresno State Work, pursuant to 17 U.S.C. §106(5).

303.    The Defendants reproduced the Fresno State Work in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(1).

304.    The Defendants created an unauthorized derivative of the Fresno State Work in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(2).

305.    The Defendants distributed, and continue to distribute, an unauthorized reproduction of the Fresno State Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(3).

306.    The Defendants publicly displayed, and continue to display, an unauthorized reproduction of  the Fresno State Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(5).

307.    Mr. Allec has willfully engaged in the copyright infringement of the Fresno State Work.

308.    RX has willfully engaged in the copyright infringement of the Fresno State Work.

309.    Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

310.    Unless the Defendants are preliminarily and permanently enjoined from further infringement of the Fresno State Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the Fresno State Work, pursuant to 17 U.S.C. §502.

## FIFTEENTH CLAIM FOR RELIEF: DIRECT COPYRIGHT INFRINGEMENT OF THE ROCKETS II WORK

311.    Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 310 above.

312.    Righthaven holds the exclusive right to reproduce the Rockets II Work, pursuant to 17 U.S.C. §106(1).

313.    Righthaven holds the exclusive right to prepare derivative works based upon the Rockets II Work, pursuant to 17 U.S.C. §106(2).

314.     Righthaven holds the exclusive right to distribute copies of the Rockets II Work, pursuant to 17 U.S.C. §106(3).

315.     Righthaven holds the exclusive right to publicly display the Rockets II Work, pursuant to 17 U.S.C. §106(5).

316.     The Defendants reproduced the Rockets II Work in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(1).

317.     The Defendants created an unauthorized derivative of the Rockets II Work in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(2).

318.     The Defendants distributed, and continue to distribute, an unauthorized reproduction of the Rockets II Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(3).

319.     The Defendants publicly displayed, and continue to display, an unauthorized reproduction of the Rockets II Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(5).

320.     Mr. Allec has willfully engaged in the copyright infringement of the Rockets II Work.

321.     RX has willfully engaged in the copyright infringement of the Rockets II Work.

322.     Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

323.     Unless the Defendants are preliminarily and permanently enjoined from further infringement of the Rockets II Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the Rockets II Work, pursuant to 17 U.S.C. §502.

## SIXTEENTH CLAIM FOR RELIEF: DIRECT COPYRIGHT

## INFRINGEMENT OF THE TENNESSEE WORK

324.    Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 323 above.

325.    Righthaven holds the exclusive right to reproduce the Tennessee Work, pursuant to 17 U.S.C. §106(1).

326.    Righthaven holds the exclusive right to prepare derivative works based upon the Tennessee Work, pursuant to 17 U.S.C. §106(2).

327.    Righthaven holds the exclusive right to distribute copies of the Tennessee Work, pursuant to 17 U.S.C. §106(3).

328.    Righthaven holds the exclusive right to publicly display the Tennessee Work, pursuant to 17 U.S.C. §106(5).

329.    The Defendants reproduced the Tennessee Work in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(1).

330.    The Defendants created an unauthorized derivative of the Tennessee Work in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(2).

331.    The Defendants distributed, and continue to distribute, an unauthorized reproduction of the Tennessee Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(3).

332.    The Defendants publicly displayed, and continue to display, an unauthorized reproduction of the Tennessee Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(5).

333.    Mr. Allec has willfully engaged in the copyright infringement of the Tennessee Work.

334.    RX has willfully engaged in the copyright infringement of the Tennessee Work.

335.    Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

33

336.    Unless the Defendants are preliminarily and permanently enjoined from further infringement of the Tennessee Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the Tennessee Work, pursuant to 17 U.S.C. §502.

## SEVENTEENTH CLAIM FOR RELIEF: DIRECT COPYRIGHT INFRINGEMENT OF THE STONE COLD WORK

337.    Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 336 above.

338.    Righthaven holds the exclusive right to reproduce the Stone Cold Work, pursuant to 17 U.S.C. §106(1).

339.    Righthaven holds the exclusive right to prepare derivative works based upon the Stone Cold Work, pursuant to 17 U.S.C. §106(2).

340.    Righthaven holds the exclusive right to distribute copies of the Stone Cold Work, pursuant to 17 U.S.C. §106(3).

341.    Righthaven holds the exclusive right to publicly display the Stone Cold Work, pursuant to 17 U.S.C. §106(5).

342.    The Defendants reproduced the Stone Cold Work in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(1).

343.    The Defendants created an unauthorized derivative of the Stone Cold Work in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(2).

344.    The Defendants distributed, and continue to distribute, an unauthorized reproduction of the Stone Cold Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(3).

345.    The Defendants publicly displayed, and continue to display, an unauthorized reproduction of the Stone Cold Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(5).

346.     Mr. Allec has willfully engaged in the copyright infringement of the Stone Cold Work.

347.     RX has willfully engaged in the copyright infringement of the Stone Cold Work.

348.     Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

349.     Unless the Defendants are preliminarily and permanently enjoined from further infringement of the Stone Cold Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the Stone Cold Work, pursuant to 17 U.S.C. §502.

## EIGHTEENTH CLAIM FOR RELIEF: DIRECT COPYRIGHT INFRINGEMENT OF THE BYU WORK

350.     Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 349 above.

351.     Righthaven holds the exclusive right to reproduce the BYU Work, pursuant to 17 U.S.C. §106(1).

352.     Righthaven holds the exclusive right to prepare derivative works based upon the BYU Work, pursuant to 17 U.S.C. §106(2).

353.     Righthaven holds the exclusive right to distribute copies of the BYU Work, pursuant to 17 U.S.C. §106(3).

354.     Righthaven holds the exclusive right to publicly display the BYU Work, pursuant to 17 U.S.C. §106(5).

355.     The Defendants reproduced the BYU Work in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(1).

356.     The Defendants created an unauthorized derivative of the BYU Work in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(2).

357.     The Defendants distributed, and continue to distribute, an unauthorized reproduction of the BYU Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(3).

358.     The Defendants publicly displayed, and continue to display, an unauthorized reproduction of the BYU Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(5).

359.     Mr. Allec has willfully engaged in the copyright infringement of the BYU Work.

360.     RX has willfully engaged in the copyright infringement of the BYU Work.

361.     Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

362.     Unless the Defendants are preliminarily and permanently enjoined from further infringement of the BYU Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the BYU Work, pursuant to 17 U.S.C. §502.

## NINETEENTH CLAIM FOR RELIEF: DIRECT COPYRIGHT INFRINGEMENT OF THE TROJANS WORK

363.     Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 362 above.

364.     Righthaven holds the exclusive right to reproduce the Trojans Work, pursuant to 17 U.S.C. §106(1).

365.     Righthaven holds the exclusive right to prepare derivative works based upon the Trojans Work, pursuant to 17 U.S.C. §106(2).

366.     Righthaven holds the exclusive right to distribute copies of the Trojans Work, pursuant to 17 U.S.C. §106(3).

367.     Righthaven holds the exclusive right to publicly display the Trojans Work, pursuant to 17 U.S.C. §106(5).

36

368.     The Defendants reproduced the Trojans Work in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(1).

369.     The Defendants created an unauthorized derivative of the Trojans Work in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(2).

370.     The Defendants distributed, and continue to distribute, an unauthorized reproduction of the Trojans Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(3).

371.     The Defendants publicly displayed, and continue to display, an unauthorized reproduction of the Trojans Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(5).

372.     Mr. Allec has willfully engaged in the copyright infringement of the Trojans Work.

373.     RX has willfully engaged in the copyright infringement of the Trojans Work.

374.     Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

375.     Unless the Defendants are preliminarily and permanently enjoined from further infringement of the Trojans Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the Trojans Work, pursuant to 17 U.S.C. §502.

## TWENTIETH CLAIM FOR RELIEF: DIRECT COPYRIGHT INFRINGEMENT OF THE UTAH WORK

376.     Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 375 above.

377.     Righthaven holds the exclusive right to reproduce the Utah Work, pursuant to 17 U.S.C. §106(1).

378.    Righthaven holds the exclusive right to prepare derivative works based upon the Utah Work, pursuant to 17 U.S.C. §106(2).

379.    Righthaven holds the exclusive right to distribute copies of the Utah Work, pursuant to 17 U.S.C. §106(3).

380.    Righthaven holds the exclusive right to publicly display the Utah Work, pursuant to 17 U.S.C. §106(5).

381.    The Defendants reproduced the Utah Work in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(1).

382.    The Defendants created an unauthorized derivative of the Utah Work in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(2).

383.    The Defendants distributed, and continue to distribute, an unauthorized reproduction of the Utah Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(3).

384.    The Defendants publicly displayed, and continue to display, an unauthorized reproduction of the Utah Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(5).

385.    Mr. Allec has willfully engaged in the copyright infringement of the Utah Work.

386.    RX has willfully engaged in the copyright infringement of the Utah Work.

387.    Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

388.    Unless the Defendants are preliminarily and permanently enjoined from further infringement of the Utah Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the Utah Work, pursuant to 17 U.S.C. §502.

## TWENTY-FIRST CLAIM FOR RELIEF: DIRECT COPYRIGHT INFRINGEMENT OF THE OREGON WORK

389.     Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 388 above.

390.     Righthaven holds the exclusive right to reproduce the Oregon Work, pursuant to 17 U.S.C. §106(1).

391.     Righthaven holds the exclusive right to prepare derivative works based upon the Oregon Work, pursuant to 17 U.S.C. §106(2).

392.     Righthaven holds the exclusive right to distribute copies of the Oregon Work, pursuant to 17 U.S.C. §106(3).

393.     Righthaven holds the exclusive right to publicly display the Oregon Work, pursuant to 17 U.S.C. §106(5).

394.     The Defendants reproduced the Oregon Work in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(1).

395.     The Defendants created an unauthorized derivative of the Oregon Work in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(2).

396.     The Defendants distributed, and continue to distribute, an unauthorized reproduction of the Oregon Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(3).

397.     The Defendants publicly displayed, and continue to display, an unauthorized reproduction of the Oregon Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(5).

398.     Mr. Allec has willfully engaged in the copyright infringement of the Oregon Work.

399.     RX has willfully engaged in the copyright infringement of the Oregon Work.

400.     Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

401.     Unless the Defendants are preliminarily and permanently enjoined from further infringement of the Oregon Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the Oregon Work, pursuant to 17 U.S.C. §502.

## TWENTY-SECOND CLAIM FOR RELIEF: DIRECT COPYRIGHT INFRINGEMENT OF THE RAVENS II WORK

402.     Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 401 above.

403.     Righthaven holds the exclusive right to reproduce the Ravens II Work, pursuant to 17 U.S.C. §106(1).

404.     Righthaven holds the exclusive right to prepare derivative works based upon the Ravens II Work, pursuant to 17 U.S.C. §106(2).

405.     Righthaven holds the exclusive right to distribute copies of the Ravens II Work, pursuant to 17 U.S.C. §106(3).

406.     Righthaven holds the exclusive right to publicly display the Ravens II Work, pursuant to 17 U.S.C. §106(5).

407.     The Defendants reproduced the Ravens II Work in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(1).

408.     The Defendants created an unauthorized derivative of the Ravens II Work in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(2).

409.     The Defendants distributed, and continue to distribute, an unauthorized reproduction of the Ravens II Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(3).

410.     The Defendants publicly displayed, and continue to display, an unauthorized reproduction of the Ravens II Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(5).

411.    Mr. Allec has willfully engaged in the copyright infringement of the Ravens II Work.

412.    RX has willfully engaged in the copyright infringement of the Ravens II Work.

413.    Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

414.    Unless the Defendants are preliminarily and permanently enjoined from further infringement of the Ravens II Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the Ravens II Work, pursuant to 17 U.S.C. §502.

## TWENTY-THIRD CLAIM FOR RELIEF: DIRECT COPYRIGHT INFRINGEMENT OF THE HUSKIES WORK

415.    Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 414 above.

416.    Righthaven holds the exclusive right to reproduce the Huskies Work, pursuant to 17 U.S.C. §106(1).

417.    Righthaven holds the exclusive right to prepare derivative works based upon the Huskies Work, pursuant to 17 U.S.C. §106(2).

418.    Righthaven holds the exclusive right to distribute copies of the Huskies Work, pursuant to 17 U.S.C. §106(3).

419.    Righthaven holds the exclusive right to publicly display the Huskies Work, pursuant to 17 U.S.C. §106(5).

420.    The Defendants reproduced the Huskies Work in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(1).

421.    The Defendants created an unauthorized derivative of the Huskies Work in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(2).

422.     The Defendants distributed, and continue to distribute, an unauthorized reproduction of the Huskies Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(3).

423.     The Defendants publicly displayed, and continue to display, an unauthorized reproduction of the Huskies Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(5).

424.     Mr. Allec has willfully engaged in the copyright infringement of the Huskies Work.

425.     RX has willfully engaged in the copyright infringement of the Huskies Work.

426.     Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

427.     Unless the Defendants are preliminarily and permanently enjoined from further infringement of the Huskies Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the Huskies Work, pursuant to 17 U.S.C. §502.

## TWENTY-FOURTH CLAIM FOR RELIEF: DIRECT COPYRIGHT INFRINGEMENT OF THE BAYLOR WORK

428.     Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 427 above.

429.     Righthaven holds the exclusive right to reproduce the Baylor Work, pursuant to 17 U.S.C. §106(1).

430.     Righthaven holds the exclusive right to prepare derivative works based upon the Baylor Work, pursuant to 17 U.S.C. §106(2).

431.     Righthaven holds the exclusive right to distribute copies of the Baylor Work, pursuant to 17 U.S.C. §106(3).

432.    Righthaven holds the exclusive right to publicly display the Baylor Work, pursuant to 17 U.S.C. §106(5).

433.    The Defendants reproduced the Baylor Work in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(1).

434.    The Defendants created an unauthorized derivative of the Baylor Work in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(2).

435.    The Defendants distributed, and continue to distribute, an unauthorized reproduction of the Baylor Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(3).

436.    The Defendants publicly displayed, and continue to display, an unauthorized reproduction of the Baylor Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(5).

437.    Mr. Allec has willfully engaged in the copyright infringement of the Baylor Work.

438.    RX has willfully engaged in the copyright infringement of the Baylor Work.

439.    Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

440.    Unless the Defendants are preliminarily and permanently enjoined from further infringement of the Baylor Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the Baylor Work, pursuant to 17 U.S.C. §502.

## TWENTY-FIFTH CLAIM FOR RELIEF: DIRECT COPYRIGHT INFRINGEMENT OF THE NORTHERN ILLINOIS WORK

441.    Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 440 above.

442.     Righthaven holds the exclusive right to reproduce the Northern Illinois Work, pursuant to 17 U.S.C. §106(1).

443.     Righthaven holds the exclusive right to prepare derivative works based upon the Northern Illinois Work, pursuant to 17 U.S.C. §106(2).

444.     Righthaven holds the exclusive right to distribute copies of the Northern Illinois Work, pursuant to 17 U.S.C. §106(3).

445.     Righthaven holds the exclusive right to publicly display the Northern Illinois Work, pursuant to 17 U.S.C. §106(5).

446.     The Defendants reproduced the Northern Illinois Work in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(1).

447.     The Defendants created an unauthorized derivative of the Northern Illinois Work in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(2).

448.     The Defendants distributed, and continue to distribute, an unauthorized reproduction of the Northern Illinois Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(3).

449.     The Defendants publicly displayed, and continue to display, an unauthorized reproduction of the Northern Illinois Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(5).

450.     Mr. Allec has willfully engaged in the copyright infringement of the Northern Illinois Work.

451.     RX has willfully engaged in the copyright infringement of the Northern Illinois Work.

452.     Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

453.     Unless the Defendants are preliminarily and permanently enjoined from further infringement of the Northern Illinois Work, Righthaven will be irreparably harmed, and

Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the Northern Illinois Work, pursuant to 17 U.S.C. §502.

## TWENTY-SIXTH CLAIM FOR RELIEF: VICARIOUS COPYRIGHT INFRINGEMENT OF THE ROCKETS WORK

454.    Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 453 above.

455.    The Defendants directly profited and continue to directly profit from infringement of the Rockets Work.

456.    The Defendants have the right to stop or limit infringement of the Rockets Work by contributors to the Website, but have declined to meaningfully exercise that right.

457.    Righthaven has been damaged as a result of the Defendants' acts as alleged herein, and the Defendants are liable to Righthaven for such damages pursuant to 17 U.S.C. § 504(a)(2).

458.    The Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

459.    Unless the Defendants are preliminarily and permanently enjoined from further infringement of the Rockets Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the Rockets Work, pursuant to 17 U.S.C. § 502.

## TWENTY-SEVENTH CLAIM FOR RELIEF: VICARIOUS COPYRIGHT INFRINGEMENT OF THE HAWKS WORK

460.    Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 459 above.

461.    The Defendants directly profited and continue to directly profit from infringement of the Hawks Work.

45

462.    The Defendants have the right to stop or limit infringement of the Hawks Work by contributors to the Website, but have declined to meaningfully exercise that right.

463.    Righthaven has been damaged as a result of the Defendants' acts as alleged herein, and the Defendants are liable to Righthaven for such damages pursuant to 17 U.S.C. § 504(a)(2).

464.    The Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

465.    Unless the Defendants are preliminarily and permanently enjoined from further infringement of the Hawks Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of  the Hawks Work, pursuant to 17 U.S.C. § 502.

## TWENTY-EIGHTH CLAIM FOR RELIEF: VICARIOUS COPYRIGHT INFRINGEMENT OF THE GOOD TEAMS WORK

466.    Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 465 above.

467.    The Defendants directly profited and continue to directly profit from infringement of the Good Teams Work.

468.    The Defendants have the right to stop or limit infringement of the Good Teams Work by contributors to the Website, but have declined to meaningfully exercise that right.

469.    Righthaven has been damaged as a result of the Defendants' acts as alleged herein, and the Defendants are liable to Righthaven for such damages pursuant to 17 U.S.C. § 504(a)(2).

470.    The Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

471.     Unless the Defendants are preliminarily and permanently enjoined from further infringement of the Good Teams Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the Good Teams Work, pursuant to 17 U.S.C. § 502.

## TWENTY-NINTH CLAIM FOR RELIEF: VICARIOUS COPYRIGHT INFRINGEMENT OF THE RAVENS WORK

472.     Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 471 above.

473.     The Defendants directly profited and continue to directly profit from infringement of the Ravens Work.

474.     The Defendants have the right to stop or limit infringement of the Ravens Work by contributors to the Website, but have declined to meaningfully exercise that right.

475.     Righthaven has been damaged as a result of the Defendants' acts as alleged herein, and the Defendants are liable to Righthaven for such damages pursuant to 17 U.S.C. § 504(a)(2).

476.     The Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

477.     Unless the Defendants are preliminarily and permanently enjoined from further infringement of the Ravens Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the Ravens Work, pursuant to 17 U.S.C. § 502.

## THIRTIETH CLAIM FOR RELIEF: VICARIOUS COPYRIGHT INFRINGEMENT OF THE CARDINAL WORK

478.     Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 477 above.

479.     The Defendants directly profited and continue to directly profit from infringement of the Cardinal Work.

480.     The Defendants have the right to stop or limit infringement of the Cardinal Work by contributors to the Website, but have declined to meaningfully exercise that right.

481.     Righthaven has been damaged as a result of the Defendants' acts as alleged herein, and the Defendants are liable to Righthaven for such damages pursuant to 17 U.S.C. § 504(a)(2).

482.     The Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

483.     Unless the Defendants are preliminarily and permanently enjoined from further infringement of the Cardinal Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the Cardinal Work, pursuant to 17 U.S.C. § 502.

## THIRTY-FIRST CLAIM FOR RELIEF: VICARIOUS COPYRIGHT INFRINGEMENT OF THE MICHIGAN WORK

484.     Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 483 above.

485.     The Defendants directly profited and continue to directly profit from infringement of the Michigan Work.

486.     The Defendants have the right to stop or limit infringement of the Michigan Work by contributors to the Website, but have declined to meaningfully exercise that right.

487.     Righthaven has been damaged as a result of the Defendants' acts as alleged herein, and the Defendants are liable to Righthaven for such damages pursuant to 17 U.S.C. § 504(a)(2).

488.     The Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

489.     Unless the Defendants are preliminarily and permanently enjoined from further infringement of the Michigan Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the Michigan Work, pursuant to 17 U.S.C. § 502.

## THIRTY-SECOND CLAIM FOR RELIEF: VICARIOUS COPYRIGHT INFRINGEMENT OF THE 49ERS WORK

490.     Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 489 above.

491.     The Defendants directly profited and continue to directly profit from infringement of the 49ers Work.

492.     The Defendants have the right to stop or limit infringement of the 49ers Work by contributors to the Website, but have declined to meaningfully exercise that right.

493.     Righthaven has been damaged as a result of the Defendants' acts as alleged herein, and the Defendants are liable to Righthaven for such damages pursuant to 17 U.S.C. § 504(a)(2).

494.     The Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

495.     Unless the Defendants are preliminarily and permanently enjoined from further infringement of the 49ers Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the 49ers Work, pursuant to 17 U.S.C. § 502.

## THIRTY-THIRD CLAIM FOR RELIEF: VICARIOUS COPYRIGHT INFRINGEMENT OF THE BROWNS WORK

496.     Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 495 above.

497.     The Defendants directly profited and continue to directly profit from infringement of the Browns Work.

498.     The Defendants have the right to stop or limit infringement of the Browns Work by contributors to the Website, but have declined to meaningfully exercise that right.

499.     Righthaven has been damaged as a result of the Defendants' acts as alleged herein, and the Defendants are liable to Righthaven for such damages pursuant to 17 U.S.C. § 504(a)(2).

500.     The Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

501.     Unless the Defendants are preliminarily and permanently enjoined from further infringement of the Browns Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the Browns Work, pursuant to 17 U.S.C. § 502.

## THIRTY-FOURTH CLAIM FOR RELIEF: VICARIOUS COPYRIGHT INFRINGEMENT OF THE TEMPLE WORK

502.     Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 501 above.

503.     The Defendants directly profited and continue to directly profit from infringement of the Temple Work.

504.     The Defendants have the right to stop or limit infringement of the Temple Work by contributors to the Website, but have declined to meaningfully exercise that right.

505.     Righthaven has been damaged as a result of the Defendants' acts as alleged herein, and the Defendants are liable to Righthaven for such damages pursuant to 17 U.S.C. § 504(a)(2).

506.     The Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

507.     Unless the Defendants are preliminarily and permanently enjoined from further infringement of the Temple Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the Temple Work, pursuant to 17 U.S.C. § 502.

## THIRTY-FIFTH CLAIM FOR RELIEF: VICARIOUS COPYRIGHT INFRINGEMENT OF THE OHIO WORK

508.     Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 507  above.

509.     The Defendants directly profited and continue to directly profit from infringement of the Ohio Work.

510.     The Defendants have the right to stop or limit infringement of the Ohio Work by contributors to the Website, but have declined to meaningfully exercise that right.

511.     Righthaven has been damaged as a result of the Defendants' acts as alleged herein, and the Defendants are liable to Righthaven for such damages pursuant to 17 U.S.C. § 504(a)(2).

512.     The Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

513.     Unless the Defendants are preliminarily and permanently enjoined from further infringement of the Ohio Work, Righthaven will be irreparably harmed, and Righthaven is thus

entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the Ohio Work, pursuant to 17 U.S.C. § 502.

### THIRTY-SIXTH CLAIM FOR RELIEF: VICARIOUS COPYRIGHT INFRINGEMENT OF THE SUNS WORK

514.    Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 513  above.

515.    The Defendants directly profited and continue to directly profit from infringement of the Suns Work.

516.    The Defendants have the right to stop or limit infringement of the Suns Work by contributors to the Website, but have declined to meaningfully exercise that right.

517.    Righthaven has been damaged as a result of the Defendants' acts as alleged herein, and the Defendants are liable to Righthaven for such damages pursuant to 17 U.S.C. § 504(a)(2).

518.    The Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

519.    Unless the Defendants are preliminarily and permanently enjoined from further infringement of the Suns Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the Suns Work, pursuant to 17 U.S.C. § 502.

### THIRTY-SEVENTH CLAIM FOR RELIEF: VICARIOUS COPYRIGHT INFRINGEMENT OF THE DEFENDING CHAMPS WORK

520.    Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 519 above.

521.    The Defendants directly profited and continue to directly profit from infringement of the Defending Champs Work.

522.     The Defendants have the right to stop or limit infringement of the Defending Champs Work by contributors to the Website, but have declined to meaningfully exercise that right.

523.     Righthaven has been damaged as a result of the Defendants' acts as alleged herein, and the Defendants are liable to Righthaven for such damages pursuant to 17 U.S.C. § 504(a)(2).

524.     The Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

525.     Unless the Defendants are preliminarily and permanently enjoined from further infringement of the Defending Champs Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the Defending Champs Work, pursuant to 17 U.S.C. § 502.

## THIRTY-EIGHTH CLAIM FOR RELIEF: VICARIOUS COPYRIGHT INFRINGEMENT OF THE BEARS WORK

526.     Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 525 above.

527.     The Defendants directly profited and continue to directly profit from infringement of the Bears Work.

528.     The Defendants have the right to stop or limit infringement of the Bears Work by contributors to the Website, but have declined to meaningfully exercise that right.

529.     Righthaven has been damaged as a result of the Defendants' acts as alleged herein, and the Defendants are liable to Righthaven for such damages pursuant to 17 U.S.C. § 504(a)(2).

530.     The Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

531.     Unless the Defendants are preliminarily and permanently enjoined from further infringement of the Bears Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the Bears Work, pursuant to 17 U.S.C. § 502.

## THIRTY-NINTH CLAIM FOR RELIEF: VICARIOUS COPYRIGHT INFRINGEMENT OF THE FRESNO STATE WORK

532.     Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 531 above.

533.     The Defendants directly profited and continue to directly profit from infringement of the Fresno State Work.

534.     The Defendants have the right to stop or limit infringement of the Fresno State Work by contributors to the Website, but have declined to meaningfully exercise that right.

535.     Righthaven has been damaged as a result of the Defendants' acts as alleged herein, and the Defendants are liable to Righthaven for such damages pursuant to 17 U.S.C. § 504(a)(2).

536.     The Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

537.     Unless the Defendants are preliminarily and permanently enjoined from further infringement of the Fresno State Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the Fresno State Work, pursuant to 17 U.S.C. § 502.

## FORTIETH CLAIM FOR RELIEF: VICARIOUS COPYRIGHT INFRINGEMENT OF THE ROCKETS II WORK

538.     Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 537 above.

539.    The Defendants directly profited and continue to directly profit from infringement of the Rockets II Work.

540.    The Defendants have the right to stop or limit infringement of the Rockets II Work by contributors to the Website, but have declined to meaningfully exercise that right.

541.    Righthaven has been damaged as a result of the Defendants' acts as alleged herein, and the Defendants are liable to Righthaven for such damages pursuant to 17 U.S.C. § 504(a)(2).

542.    The Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

543.    Unless the Defendants are preliminarily and permanently enjoined from further infringement of the Rockets II Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the Rockets II Work, pursuant to 17 U.S.C. § 502.

## FORTY-FIRST CLAIM FOR RELIEF: VICARIOUS COPYRIGHT INFRINGEMENT OF THE TENNESSEE WORK

544.    Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 543 above.

545.    The Defendants directly profited and continue to directly profit from infringement of the Tennessee Work.

546.    The Defendants have the right to stop or limit infringement of the Tennessee Work by contributors to the Website, but have declined to meaningfully exercise that right.

547.    Righthaven has been damaged as a result of the Defendants' acts as alleged herein, and the Defendants are liable to Righthaven for such damages pursuant to 17 U.S.C. § 504(a)(2).

548.    The Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

549.    Unless the Defendants are preliminarily and permanently enjoined from further infringement of the Tennessee Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the Tennessee Work, pursuant to 17 U.S.C. § 502.

## FORTY-SECOND CLAIM FOR RELIEF: VICARIOUS COPYRIGHT INFRINGEMENT OF THE STONE COLD WORK

550.    Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 549 above.

551.    The Defendants directly profited and continue to directly profit from infringement of the Stone Cold Work.

552.    The Defendants have the right to stop or limit infringement of the Stone Cold Work by contributors to the Website, but have declined to meaningfully exercise that right.

553.    Righthaven has been damaged as a result of the Defendants' acts as alleged herein, and the Defendants are liable to Righthaven for such damages pursuant to 17 U.S.C. § 504(a)(2).

554.    The Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

555.    Unless the Defendants are preliminarily and permanently enjoined from further infringement of the Stone Cold Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the Stone Cold Work, pursuant to 17 U.S.C. § 502.

## FORTY-THIRD FOR RELIEF: VICARIOUS COPYRIGHT
## INFRINGEMENT OF THE BYU WORK

556.     Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 555 above.

557.     The Defendants directly profited and continue to directly profit from infringement of the BYU Work.

558.     The Defendants have the right to stop or limit infringement of the BYU Work by contributors to the Website, but have declined to meaningfully exercise that right.

559.     Righthaven has been damaged as a result of the Defendants' acts as alleged herein, and the Defendants are liable to Righthaven for such damages pursuant to 17 U.S.C. § 504(a)(2).

560.     The Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

561.     Unless the Defendants are preliminarily and permanently enjoined from further infringement of the BYU Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by Defendants of the BYU Work, pursuant to 17 U.S.C. § 502.

## FORTY-FOURTH CLAIM FOR RELIEF: VICARIOUS COPYRIGHT
## INFRINGEMENT OF THE TROJANS WORK

562.     Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 561 above.

563.     The Defendants directly profited and continue to directly profit from infringement of the Trojans Work.

564.     The Defendants have the right to stop or limit infringement of the Trojans Work by contributors to the Website, but have declined to meaningfully exercise that right.

565.     Righthaven has been damaged as a result of the Defendants' acts as alleged herein, and the Defendants are liable to Righthaven for such damages pursuant to 17 U.S.C. § 504(a)(2).

566.     The Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

567.     Unless the Defendants are preliminarily and permanently enjoined from further infringement of the Trojans Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the Trojans Work, pursuant to 17 U.S.C. § 502.

## FORTY-FIFTH FOR RELIEF: VICARIOUS COPYRIGHT INFRINGEMENT OF THE UTAH WORK

568.     Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 567 above.

569.     The Defendants directly profited and continue to directly profit from infringement of the Utah Work.

570.     The Defendants have the right to stop or limit infringement of the Utah Work by contributors to the Website, but have declined to meaningfully exercise that right.

571.     Righthaven has been damaged as a result of the Defendants' acts as alleged herein, and the Defendants are liable to Righthaven for such damages pursuant to 17 U.S.C. § 504(a)(2).

572.     The Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

573.     Unless the Defendants are preliminarily and permanently enjoined from further infringement of the Utah Work, Righthaven will be irreparably harmed, and Righthaven is thus

entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the Utah Work, pursuant to 17 U.S.C. § 502.

## FORTY-SIXTH CLAIM FOR RELIEF: VICARIOUS COPYRIGHT INFRINGEMENT OF THE OREGON WORK

574.    Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 573 above.

575.    The Defendants directly profited and continue to directly profit from infringement of the Oregon Work.

576.    The Defendants have the right to stop or limit infringement of the Oregon Work by contributors to the Website, but have declined to meaningfully exercise that right.

577.    Righthaven has been damaged as a result of the Defendants' acts as alleged herein, and the Defendants are liable to Righthaven for such damages pursuant to 17 U.S.C. § 504(a)(2).

578.    The Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

579.    Unless the Defendants are preliminarily and permanently enjoined from further infringement of the Oregon Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the Oregon Work, pursuant to 17 U.S.C. § 502.

## FORTY-SEVENTH CLAIM FOR RELIEF: VICARIOUS COPYRIGHT INFRINGEMENT OF THE RAVENS II WORK

580.    Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 579 above.

581.    The Defendants directly profited and continue to directly profit from infringement of the Ravens II Work.

582.    The Defendants have the right to stop or limit infringement of the Ravens II Work by contributors to the Website, but have declined to meaningfully exercise that right.

583.    Righthaven has been damaged as a result of the Defendants' acts as alleged herein, and the Defendants are liable to Righthaven for such damages pursuant to 17 U.S.C. § 504(a)(2).

584.    The Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

585.    Unless the Defendants are preliminarily and permanently enjoined from further infringement of the Ravens II Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by Defendants of the Ravens II Work, pursuant to 17 U.S.C. § 502.

## FORTY-EIGHTH CLAIM FOR RELIEF: VICARIOUS COPYRIGHT INFRINGEMENT OF THE HUSKIES WORK

586.    Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 585 above.

587.    The Defendants directly profited and continue to directly profit from infringement of the Huskies Work.

588.    The Defendants have the right to stop or limit infringement of the Huskies Work by contributors to the Website, but have declined to meaningfully exercise that right.

589.    Righthaven has been damaged as a result of the Defendants' acts as alleged herein, and the Defendants are liable to Righthaven for such damages pursuant to 17 U.S.C. § 504(a)(2).

590.    The Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

591.    Unless the Defendants are preliminarily and permanently enjoined from further infringement of the Huskies Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by Defendants of the Huskies Work, pursuant to 17 U.S.C. § 502.

### FORTY-NINTH CLAIM FOR RELIEF: VICARIOUS COPYRIGHT INFRINGEMENT OF THE BAYLOR WORK

592.    Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 591 above.

593.    The Defendants directly profited and continue to directly profit from infringement of the Baylor Work.

594.    The Defendants have the right to stop or limit infringement of the Baylor Work by contributors to the Website, but have declined to meaningfully exercise that right.

595.    Righthaven has been damaged as a result of the Defendants' acts as alleged herein, and the Defendants are liable to Righthaven for such damages pursuant to 17 U.S.C. § 504(a)(2).

596.    The Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

597.    Unless the Defendants are preliminarily and permanently enjoined from further infringement of the Baylor Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by Defendants of the Baylor Work, pursuant to 17 U.S.C. § 502.

### FIFTIETH CLAIM FOR RELIEF: VICARIOUS COPYRIGHT INFRINGEMENT OF THE NORTHERN ILLINOIS WORK

598.    Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 597 above.

599.     The Defendants directly profited and continue to directly profit from infringement of the Northern Illinois Work.

600.     The Defendants have the right to stop or limit infringement of the Northern Illinois Work by contributors to the Website, but have declined to meaningfully exercise that right.

601.     Righthaven has been damaged as a result of the Defendants' acts as alleged herein, and the Defendants are liable to Righthaven for such damages pursuant to 17 U.S.C. § 504(a)(2).

602.     The Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

603.     Unless the Defendants are preliminarily and permanently enjoined from further infringement of the Northern Illinois Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by Defendants of the Northern Illinois Work, pursuant to 17 U.S.C. § 502.

## **PRAYER FOR RELIEF**

Righthaven requests that this Court grant Righthaven's claim for relief herein as follows:

1.     Preliminarily and permanently enjoin and restrain the Defendants, and the Defendants' officers, agents, servants, employees, attorneys, parents, subsidiaries, related companies, partners, and all persons acting for, by, with, through, or under the Defendants, from directly or indirectly infringing the Works by reproducing the Works, preparing derivative works based on the  Works , distributing the Works  to the public, and/or displaying the Works, or ordering, directing, participating in, or assisting in any such activity;

2.     Direct the Defendants to preserve, retain, and deliver to Righthaven in hard copies or electronic copies:

a.      All evidence and documentation relating in any way to Defendants' use of the  Works , in any form, including, without limitation, all such evidence and documentation relating to the Website;

b.      All evidence and documentation relating to the names and addresses (whether electronic mail addresses or otherwise) of any person with whom the Defendants have communicated regarding the Defendants' use of the Works; and

c.      All financial evidence and documentation relating to the Defendants' use of the Works;

3.      Order the surrender to Righthaven of all hardware, software, electronic media and domains, including the Domain, used to store, disseminate and display the unauthorized versions of any and all copyrighted Works as provided for under 17 U.S.C. § 505(b) and/or as authorized by Federal Rule of Civil Procedure 64;

4.      Award Righthaven statutory damages for the willful infringement of the Works, pursuant to 17 U.S.C. §504(c);

5.      Award Righthaven costs, disbursements, and attorneys' fees incurred by Righthaven in bringing this action, pursuant to 17 U.S.C. §505;

6.      Award Righthaven pre- and post-judgment interest in accordance with applicable law; and

7.      Grant Righthaven such other relief as this Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Righthaven requests a trial by jury pursuant to Fed.R.Civ.P. 38.

Dated this 8th day of April, 2011.

RIGHTHAVEN LLC

_____
By: Shawn A. Mangano
SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
SHAWN A. MANGANO, LTD.
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129-7701
Tel: (702) 304-0432
Fax: (702) 922-3851

*Attorney for Plaintiff*