J. Malcolm DeVoy (Nevada Bar No. 11950)
jmd@Randazza.com
RANDAZZA LEGAL GROUP
7001 W. Charleston Boulevard, # 1043
Las Vegas, NV 89117
Telephone: 888-667-1113
Facsimile: 305-437-7662

Attorney for Defendant,
*Michael "Rick" Allec*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN, LLC, a Nevada limited liability company, | Case No. 2:11-cv-00532 |
| Plaintiff, | |
| v. | **DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT UNDER RULES 12(b)(1) and (6)** |
| RICK ALLEC, an individual; and RX ADVERTISING INC., LLC, a limited-liability company of unknown origin, | |
| Defendants. | |

**DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT
UNDER RULES 12(b)(1) and (6)**

Defendant Michael Richard (a/k/a "Rick") Allec (hereinafter, "Allec," or the "Defendant"), by and through his counsel, Randazza Legal Group, hereby moves to dismiss Plaintiff Righthaven LLC's (hereinafter "Righthaven['s]," or the "Plaintiff['s]" Amended Complaint (Doc. # 13) for failure to state a claim upon which relief can be granted. Specifically, Allec is not the proper party in this action, having been misidentified as a defendant, and is not liable for the infringements Righthaven alleges. Righthaven is thus unable to rightfully seek relief from Allec, as this Court is deprived of subject matter jurisdiction, and Righthaven has not stated a claim for which Allec can provide relief.

## I. Introduction

On April 8, 2011, Righthaven filed suit against the above-named defendants, seeking $7,500,000 in statutory damages (Doc. # 1 ¶¶ 130-603, Prayer for Relief at 62-63).  On June 20, 2011, Allec moved to dismiss Righthaven's Complaint (Doc. # 11).  On July 11, Righthaven filed the Amended Complaint pending before the Court (Doc. # 13).

The RX Forum, a well-known and highly trafficked website, features information about sports odds – the likelihood of a team winning or losing a particular game – to be used in various forms of gambling, from office football pools to the sportsbooks of Las Vegas and Macau. Based on WHOIS information obtained in anticipation of litigation, Righthaven identified Allec as the registrar of the domain name <therxforum.com> (hereinafter, the "Domain Name") (Doc. # 13 at ¶¶ 5-8).  The Domain Name is used to display content for the RX Forum, which includes a message board where Righthaven alleges the infringements of its copyrights occurred.  The user-accessible contents of the website residing at the Domain Name, including its message boards, shall be referred to collectively as the "Forum."

Allec, a web developer by trade, had a contractual relationship with the Forum's owners from June 1, 2006, to June 1, 2007. (Allec Aff., referred to hereafter as Exhibit A, ¶ 4; Exh B.) During this time, Allec was retained to develop many of the features used by the Forum. (Exh. A. ¶¶ 4, 7.)  In fulfilling these duties, Allec registered the Domain Name for the forum, as well as <therx.com>, making his name publicly available on the WHOIS registry[1]. (Exh. A ¶ 6.)  When his contract ended on June 1, 2007, though, Allec surrendered all WHOIS login information to the Forum's owners, and never again accessed, maintained, nor governed the domain name. (Exhs. A ¶¶ 6-7, 11, 14; B; Allec Supp. Aff., referred to hereinafter as Exhibit C, ¶¶ 5, 7, 9-10.) Since that time, Allec has had no legal or financial interest, or control over, in the Domain Name or Forum. (Exhs. A ¶¶ 8-16; C ¶¶ 5, 7, 9, 10.)

---

[1] The WHOIS registry is a public registry of domain name registrants maintained by the Internet Corporation for Assigned Names and Numbers; domain name registrars – services used by individual registrants to register domain names – are required to submit a registrant's personal contact information to the WHOIS database. Network Solutions, What Is WHOIS? (2011), http://www.networksolutions.com/whois/index.jsp (*last accessed* July 19, 2011).

Randazza Legal Group
7001 W. Charleston Bl. # 1043
Las Vegas, NV 89117
(888) 667-1113

After Righthaven filed this lawsuit, the Domain Name was transferred out of Allec's name, and a third party became the Domain Name's registrant. (Doc. # 13 ¶ 7; Exh. C ¶¶ 3-4.) Allec did not authorize or direct this transfer, or know of it before being informed by his attorney. (Exh. C ¶¶ 6-8.)  While Allec's name apparently persisted as the nominated registrant in the WHOIS database for several years after turning the login information for Domain Name and <therx.com> over to the Forum's owners, he did not have any control, ownership, or financial or legal interests in the Domain Name. (Exhs. A ¶¶ 11-14; C ¶¶ 6-11.)  As such, this was not an attempt by Allec to cover his tracks, but a transfer that occurred without his control, or even his knowledge – contrary to Righthaven's assertions. (Doc. # 13 ¶¶ 7-8; Exh. C ¶¶ 6-11.)

After June 1, 2007, Allec ceased having a contractual relationship with the Forum. (Exhs. A ¶¶ 9-10; B at 1; C ¶¶ 13, 23.)  Separate from the Forum, Allec was developing what was then known as RXOdds, a sports odds service that, at the time, was planned to be affiliated with the Forum once completed – drawing on the "RX" brand for marketing purposes. (Exh. C ¶¶ 19-23.) Allec's role developing RXOdds did not grant him ownership, management or other control of the Forum or Domain Name. (*Id*.)  In June 2008, Allec announced that he was no longer developing RXOdds with the "RX" branding, but would be running the final operation as Las Vegas Data Services LLC, d/b/a SportsOptions (hereinafter "SportsOptions"). (*Id*. ¶¶ 18-20.)

Reviewing the timeline of Allec's relationship with the Forum, there is no theory of law that would place Allec with ownership of the Domain Name when the infringements Righthaven alleges occurred.  Allec's contractual relationship with the Forum ended on June 1, 2007. (*See* Exhs. A, B and C.)  Allec registered the Domain Name during his contract, and controlled it within a ministerial capacity during the contract's term, which ended on June 1, 2007, and then transferred all login information and ability to control the Domain Name to the owners of the Forum – after all, Allec was merely a contractor, and not an owner of the Forum. (Exhs. A ¶¶ 4-14, 16; B; C ¶¶ 7, 9-10, 13). Anything that conceivably could be construed as a relationship between the two entities – in particular, Allec's development of SportsOptions, an operation independent of the Forum and then branded as RXOdds – ended in June of 2008. (Exhs. A ¶¶ 8-14; B at 1-2; C ¶¶ 18-20.)  Allec's current business, SportsOptions, does not have any financial

Randazza
Legal Group
7001 W. Charleston Bl.
# 1043
Las Vegas, NV 89117
(888) 667-1113

- 3 -

or other legal interest in the Forum. (Exh. C ¶¶ 19, 21-24.)  Similarly, the Forum does not have any financial, ownership or other legal interest in SportsOptions. (*Id*.)

Allec's lack of involvement in the Forum apparently has not deterred Righthaven in bringing its action against him and then Amending its Complaint (Doc. # 13) – not to reflect Allec's clear lack of ownership and therefore culpability, but to argue that a third party's change of the Domain Name's WHOIS information is actually evidence of Allec's ownership and control of the Domain Name and Forum (*Id*. ¶¶ 7-8).  In its Amended Complaint, Righthaven claims to have obtained the rights to 25 copyrights, which the defendants allegedly infringed upon (*Id*. ¶¶ 21-117).  Righthaven also claims that the undisclosed copyright assignment agreement between it and Stevo Design, the works' creator – which bears the same title as the agreement between Righthaven and Media News Group, Incorporated and likely has the same defects with respect to granting Righthaven standing – has changed. (*Id*. ¶¶ 22-23.)  Setting that argument aside, the oldest of these works were created in November 2010, and the newest in February 2011, with alleged infringements occurring during and around this time period (*id*. ¶¶ 21-117) – more than two years after Allec ended all involvement with the Forum and began SportsOptions. (Exhs. B; C ¶¶ 7, 13, 18-23.)

Being unsuccessful thus far in obtaining dismissal from this litigation based on the facts stated above, Allec now moves this Court to dismiss the action pending against him.  Suing the wrong person is not a new feat for Righthaven, as it recently had one of its cases within this very District dismissed for being served on the wrong person who coincidentally had the same name as a Defendant. *See Righthaven LLC v. Jones*, Case No. 2:10-cv-01046 (Doc. # 13) (D. Nev. July 20, 2011). Allec, too, has been sued in error, and Righthaven has neither standing nor an entitlement to any relief, let alone in the order of 7.5 million dollars, from this defendant-in-error.

**II. Legal Standards**

Under Federal Rule of Civil Procedure 12(b)(6), courts must dismiss causes of action when a plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *N. Star Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  In evaluating a motion

Randazza
Legal Group
7001 W. Charleston Bl.
# 1043
Las Vegas, NV 89117
(888) 667-1113

to dismiss under Rule 12(b)(6), courts accept the Complaint's allegations as true, and construe them in a light most favorable to the Plaintiff. *N. Star Int'l*, 720 F.2d at 580; *Lodge 1380, Brotherhood of Railway, Airline and Steamship Clerks v. Dennis,* 625 F.2d 819, 825 (9th Cir. 1980). Courts are not required to accept as true, however, allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001).

While only notice pleading is required under Rule 8(a), a plaintiff must plead facts showing that a violation of law is plausible, rather than merely possible. A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal,* 556 U.S. ___, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly v. Bell Atl. Corp.,* 550 U.S. 544, 555 (2007)). A court's dismissal of an action pursuant to Rule 12(b)(6) is a ruling of law. *N. Star Int'l*, 720 F.2d at 580; *Yuba Consolidated Gold Fields v. Kilkeary,* 206 F.2d 884, 889 (9th Cir. 1953).

Subject matter jurisdiction is an essential element to every lawsuit and must be demonstrated "at the successive stages of the litigation." *Chapman v. Pier 1 Imports (U.S.), Inc.*, 631 F.3d 939, 954 (9th Cir. 2011) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). The existence of subject matter jurisdiction is an ongoing inquiry that a court must conduct *sua sponte* in order to continue the case. *Chapman*, 631 F.3d at 954; *Bernhardt v. County of Los Angeles*, 279 F.3d 862, 868 (9th Cir. 2002). Where subject matter jurisdiction is absent, a court has no discretion and must dismiss the case. *Chapman*, 631 F.3d at 954.

A central component to subject matter jurisdiction is the question of standing, which requires that the party experience actual or imminent harm. *Lujan*, 504 U.S. at 561 (citing *Whitmore v. Ark.*, 495 U.S. 149, 155 (1990)). This harm must be traceable to the defendant's unlawful conduct, and likely redressed by the desired relief, for standing to exist. *Allen v. Wright*, 468 U.S. 737, 751 (U.S. 1984). A party's standing to bring a case is not subject to waiver, and can be used to dismiss the instant action at any time. Fed. R. Civ. P. 12(h)(3); *U.S. v. Hays*, 515 U.S. 737, 742 (1995); *Chapman*, 631 F.3d at 954.

Randazza
Legal Group
7001 W. Charleston Bl.
# 1043
Las Vegas, NV 89117
(888) 667-1113

## III. Argument

Righthaven's suit against Allec for copyright infringement was brought in error[2] and, with the filing of an Amended Complaint that does not name the proper defendant, is maintained in error. Allec did not own or have any control over the Forum or Domain Name on which the infringing content appeared, at the time of infringement (Exhs. A ¶¶ 8-16; C ¶¶ 5-7). Yet, because of a previous contractual relationship with the Forum, which has been explained in sworn statements, Righthaven seeks to hold Allec liable for copyright infringement occurring years after that contract ended. (*See generally* Doc. # 13.) This faulty reasoning is a clear example of an unwarranted deduction and improper inference under *Sprewell,* 266 F.3d 979, 988, as Righthaven's theory of liability – that because Allec once had a relationship with the Forum and was the named registrant of the Domain Name, he is liable for recent infringement – is utterly belied by Allec's sworn statements. Furthermore, there is no support for the proposition that a service provider, who serves no deeper function than that of a domain name's registered name holder, is liable for copyright infringement taking place on web servers controlled by other people. Allec therefore cannot be liable for primary or vicarious infringement occurring on the Forum, and Righthaven's fifty causes of action against him must fail.

Rather than dismiss Allec from the Complaint based on his sworn statements, Righthaven amended its Complaint just enough to attempt to remove it from the universe of sanctionability (compare Docs. # 1, 13). By tweaking its allegations regarding Allec's supposed ownership of the Domain Name and Forum (Doc. # 13 ¶¶ 5-8), Righthaven forces the Court to decide this issue, rather than acknowledging Allec's sworn statements and doing what good conscience, judicial economy and common sense would otherwise dictate – dismissing Allec from the Complaint.

---

[2] This characterization of Righthaven's conduct as an "error" is presented charitably, and giving Righthaven the benefit of the doubt. In its other cases in this District, its litigation tactics have been the subject of strong judicial rebuke for dishonesty. *See Righthaven LLC v. Democratic Underground LLC et al.*, Case No. 2:10-cv-01356 (Doc. # 138) (D. Nev. July 18, 2011). Given that Righthaven has been presented with strong evidence of this error, yet it persists in pressing this litigation against Allec, rather than the proper defendant, certainly suggests bad faith.

- 6 -

This is not evidence of zealous advocacy by Righthaven, or even a belief that Allec is the proper defendant. This is, after all, the same Righthaven that a colleague of this Court imposed numerous sanctions upon for making "intentional misrepresentations" in the course of litigation, and whose "conduct demonstrated bad faith, wasted judicial resources and needlessly increased the costs of litigation." *Righthaven LLC v. Democratic Underground*, Case No. 2:10-cv-01356 (Doc. # 138) (D. Nev. July 19, 2011) (minute order). In this context, naming the wrong defendant, receiving notice of this error by virtue of his Motion to Dismiss (Doc. # 11) and – instead of showing why Allec's contentions are incorrect with an opposition brief – amending the Complaint to address a tangential issue, requiring Allec to essentially re-brief his entitlement to dismissal.

Moreover, to the extent Righthaven has suffered harm from the copyright infringement alleged in its Amended Complaint (Doc. # 13), it cannot be asserted against Allec. Where the defendant is improperly named and has not caused harm to the plaintiff, the plaintiff necessarily does not have an injury that can be raised against defendant. *Allen*, 468 U.S. at 751 (holding that a "plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct" to have standing); *see Clark v. U.S.*, 105 A.F.T.R. (RIA) 2014 (E.D. Cal. 2010) (finding that plaintiff lacked subject matter jurisdiction over the IRS and its agent, both of which were improper defendants in the action, unable to accord relief to the defendant, and dismissing the case). Because Allec did not cause Righthaven's harm, and cannot rightly provide the relief Righthaven seeks, this Court lacks subject matter jurisdiction over the dispute.

**A. First Thing's First – Being Named as a WHOIS Registrant is Not Dispositive of Domain Name Ownership, Nor a Source of Liability in and of Itself.**

Allec's status as a defendant in this action betrays Righthaven's flawed understanding of the internet itself. Governed by the Internet Corporation for Assigned Names and Numbers ("ICANN"), the internet is comprised of registries – catalogues of top level domain extensions such as .com, .org., .edu and .xxx – which individual domain owners, known as registrants, register as their own. The data for any domain name's registrant is publicly available on the WHOIS database. Registrants register these domain names, and submit their identifying WHOIS

Randazza
Legal Group
7001 W. Charleston Bl.
# 1043
Las Vegas, NV 89117
(888) 667-1113

information, through companies that provide such registration services, including GoDaddy and eNom, known as registrars. In turn, this information can be found in the WHOIS database.[3] In order to be an ICANN accredited registrar and entitled to register domain names, each registrar must agree to the Registrar Accreditation Agreement ("RAA") with ICANN, which imposes numerous restrictions on the registrar.[4] As a registrar of domain names, Safenames LTD is bound by the RAA. (*See* Doc. # 13 ¶ 5.)

Under ICANN's RAA, registrars are required to make registrants agree to certain contractual terms in order to use the registrar's services. RAA § 3.7.7. One such provision subsumed within § 3.7.7 requires registrars to make registrants agree to the following terms:

> Any Registered Name Holder that intends to license use of a domain name to a third party is nonetheless the Registered Name Holder of record and is responsible for providing its own full contact information and for providing and updating accurate technical and administrative contact information adequate to facilitate timely resolution of any problems that arise in connection with the Registered Name. A Registered Name Holder licensing use of a Registered Name according to this provision shall accept liability for harm caused by wrongful use of the Registered Name, unless it promptly discloses the identity of the licensee to a party providing the Registered Name Holder reasonable evidence of actionable harm. RAA § 3.7.7.3.

The registered name holder, or registrant, must agree to these terms to use the registrar's services as a condition of the registrar maintaining its ICANN accreditation.

Frequently, the registrant of a domain name is not the owner, operator, or beneficiary of the privileges of ownership of that particular domain name. Most registrars offer privacy services, such as "Domains By Proxy," or "WhoisGuard" to conceal a registrant's true identity for privacy reasons, and show the contact information for the privacy service as a site's WHOIS information. RAA § 3.7.7.3 would require, in that case, for a registrant to disclose the domain

---

[3] Technically, WHOIS is not the database, itself, but a protocol for submitting a query to a database in order to find contact information for the owner of a domain name." Matthew Bierlin & Gregory Smith, Privacy Year in Review: Growing Problems with Spyware and Phishing, Judicial and Legislative Developments in Internet Governance, and the Impacts on Privacy, 1 I/S: J. L. & POL'Y FOR INFO. SOC'Y 279, 313 (2005). However, because the common parlance is to refer to the "WHOIS database," that terminology will be used in this Motion.
[4] The latest version of this agreement, updated May 17, 2011, is available at http://www.icann.org/en/registrars/ra-agreement-17may01.htm#3 (*last accessed* July 21, 2011).

Randazza Legal Group
7001 W. Charleston Bl. # 1043
Las Vegas, NV 89117
(888) 667-1113

name owner or licensee's true identity to the registrar in order to avoid liability – as § 3.7.7.3 is a contractual term between the registrar and registrant required by § 3.7.7.

Righthaven's ostensible reliance on this provision as a source of Allec's liability is faulty. *See Balsam v. Tucows Inc.*, 627 F.3d 1158 (9th Cir. 2010) (Dismissing claim where plaintiff attempted to hold registrant liable for actions of domain *owner*, who were not one and the same). Righthaven assumes that such a provision would be effective against Allec for having intent to license use of the Domain Name to someone else. Allec's sworn statements refute that argument (Exhs. A ¶¶ 10-14; C ¶¶ 5-11). Most fundamental, however, is Righthaven's incorrect assumption that such a provision would inure to its benefit as a complete outsider to the agreement.

Section 3.7.7.3 of the RAA is simply a contractual term that must exist between the registrar and a registrant, pursuant to § 3.7.7, so that a registrar may be accredited by ICANN. Nowhere in this chain of relationships is Righthaven, nor any third party, involved. Under the RAA's plain terms in § 5.10, third parties are not allowed to assert rights based on the RAA's terms and style themselves as third-party beneficiaries.

The RAA's plain language disclaiming third-party beneficiaries comports with Nevada's contract law on the issue. "Whether an individual is an intended third-party beneficiary […] depends on the parties' intent, 'gleaned from reading the contract as a whole in light of the circumstances under which it was entered.'" *Canfora v. Coast Hotels & Casinos, Inc.*, 121 P.3d 599, 604-05 (Nev. 2005) (quoting *Jones v. Aetna Casualty & Surety Co.*, 33 Cal. Rptr. 2d 291, 296 (Cal. Ct. App. 1st Div 1994)); *Elizabeth E. v. ADT Sec. Sys. W.*, 839 P.2d 1308 (Nev. 1992) (holding that there must "clearly appear a promissory intent" to benefit a third party, and foreseeable reliance on that expressed promissory intent, to create a third-party beneficiary).

Ninth Circuit Court of Appeals has already decided this issue on third-party beneficiary law very similar to Nevada's. In *Balsam v. Tucows Incorporated*, the Ninth Circuit held that "'The test for determining whether a contract was made for the benefit of a third person is whether an intent to benefit a third person appears from the terms of the contract.' […] In the absence of any such intent, we conclude that 3.7.7.3 does not create any third party beneficiary

Randazza
Legal Group
7001 W. Charleston Bl.
# 1043
Las Vegas, NV 89117
(888) 667-1113

rights that would control over the explicit 'No Third-Party Beneficiaries' clause in the RAA." 627 F.3d at 1162 (internal citations omitted).  As the Court found that Balsam was not a third-party beneficiary in that case, his claim was precluded and the trial court's dismissal with prejudice was affirmed. *Id*. at 1163.  Additionally, the court found that the RAA did not bind the Registered Name Holder – the registrant – to the RAA's terms, as it is a contract between ICANN and the registrar. *Id*. at 1162-63.  Thus, from both the plaintiff and the affected registrant's positions, neither had rights or obligations arising under the RAA.

At the trial level, *Balsam v. Tucows, Incorporated* is even more analogous to the instant case. Case No CV 09-03585, *2009 U.S. Dist. LEXIS 104067* at *1 (N.D. Cal. Oct. 23, 2009).  In that case, the defendant company was both a domain name registrar and the registrant of a domain name for whom the Plaintiff sought the true owners. *Id*. at *2-5.  The defendant registrar/registrant moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), claiming that Balsam had failed to state a claim. *Id*.  The court granted the defendant's motion to dismiss, finding that RAA § 3.7.7.3 did not give the Plaintiff any rights or duties within the agreement, and thus no basis for bringing suit. *Id*. at *17-23.

These arguments are subsidiary to Allec's clear and uncontroverted lack of ownership interest in the Domain Name.  Allec merely acted in a ministerial and contractor capacity, which terminated in June of 2007. (Exhs. A ¶¶ 10-14; C ¶¶ 5-11.)  Allec's lack of ownership or other harmful action undermines Righthaven's entire 50-claim Amended Complaint against him (Doc. # 13).  It is important to understand, however, Righthaven's folly in naming Allec as a defendant based on his status as the registrant for the Domain Name as found in the WHOIS database (*Id*. ¶¶ 5-8).  Carving one's name into a park bench does not make it his or her property – it merely shows that, at some point long ago, an individual left his or her mark.  Similarly, Righthaven's effort to paint Allec as a copyright infringer because his name remains on a domain name registration he procured for a client many years ago, and long since surrendered, is not supported by law.

//

//

Randazza
Legal Group
7001 W. Charleston Bl.
# 1043
Las Vegas, NV 89117
(888) 667-1113

- 10 -

**B. Righthaven Fails to Allege a Cognizable Claim for Direct Copyright Infringement upon which Allec can Grant Righthaven Relief.**

Righthaven alleges 25 counts of direct copyright infringement under 17 U.S.C. § 501 against Allec in its Complaint (Doc. # 13 ¶¶ 130-453). To prevail on its claims for direct copyright infringement, Righthaven must show: 1) its ownership of a valid copyright; and 2) Allec's copying of constituent elements of the original work. 17 U.S.C. § 501; *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991); *Benay v. Warner Bros. Entm't, Inc.*, 607 F.3d 620, 624 (9th Cir. 2010); *Funky Films, Inc. v. Time Warner Entm't Co., L.P.*, 462 F.3d 1072, 1076 (9th Cir. 2006). As these elements are conjunctive, both must be satisfied for Righthaven to show direct infringement. 17 U.S.C. § 501.

There is serious doubt as to whether Righthaven owns the copyrights it claims to possess in its Amended Complaint. That argument, however, is addressed in Section D, *infra*. At this point, Allec focuses on what is known: His lack of authority and control over the Domain Name and Forum.

The second element of direct copyright infringement, requiring Allec to copy and distribute Righthaven's copyrighted content, cannot be fulfilled in this case. Allec does not have any ownership, legal interest or control over the Domain Name or Forum. (Exhs. A ¶¶ 8-14; C ¶¶ 2, 7, 10, 18.) Nowhere in Righthaven's Amended Complaint does it attempt to allege that Allec was the individual who posted the allegedly infringing content onto the Forum, (*See generally* Doc. # 13), and indeed, he did not. Declaration of Michael Richard Allec ¶¶ 1-2. In addition to lacking any current control over the Domain Name or Forum, Allec did not have control over them at the time of infringement, or at any time since June 1, 2007. (Exhs. A ¶¶ 9-15; B; C ¶¶ 2, 8-10, 18.) As it is the Forum that displays the allegedly infringing work (*see generally* Doc. # 13), it is impossible, in light of the clear absence of a relationship between Allec and the Forum, for Righthaven to claim Allec has infringed its copyrights. Failing to meet this essential element of its twenty-five direct infringement claims, Righthaven's causes of action for direct infringement must fail against Allec.

Randazza Legal Group
7001 W. Charleston Bl.
# 1043
Las Vegas, NV 89117
(888) 667-1113

**C. Righthaven's Complaint Additionally Fails to Allege a Cognizable Claim for Vicarious Copyright Infringement upon which Allec can Grant Righthaven Relief.**

In addition to 25 claims for direct copyright infringement, Righthaven alleges 25 separate claims for vicarious copyright infringement against Allec as well.  Vicarious copyright infringement is a court-created claim with no statutory definition; as such, the elements for liability found in precedent are as follows: 1) the right and ability to control the infringer's conduct; and 2) the receipt of financial gain as a result of infringement. *MGM Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 n. 9 (2005); *Fonovisa, Inc. v. Cherry Auction, Inc.*, 76 F.3d 259 (1996); *Shapiro, Bernstein & Co. v. H. L. Green Co.*, 316 F.2d 304, 308 (2d Cir. 1963) (holding that a store owner who let a third party sell pirated copies of records was liable for vicarious copyright infringement because the store had the ability and right to control infringement, yet profited from it); *Dreamland Ball Room, Inc. v. Shapiro, Bernstein & Co.*, 36 F.2d 354, 355 (7th Cir. 1929) (finding vicarious liability where a live music venue had the ability and right to control performers who engaged in unauthorized live reproduction of copyrighted music, and profited from such unauthorized performance).

Righthaven's vicarious copyright infringement claims against Allec fail on both prongs. First, Allec did not have any ownership in, or control over, the Forum or Domain Name where the infringement appeared at the time of the infringement or thereafter. (Exhs. A ¶¶ 8-15; C ¶¶ 2, 7-10, 18.)  Allec's contractual relationship with the Forum – the only time at which he would even have the technical ability, let alone the right, to exercise control over copyright infringement – ended on June 1, 2007 (Exhs. A ¶¶ 8-15; B at 1; C ¶¶ 2, 7-10, 18), roughly 3.5 years before the first instance of infringement alleged in Righthaven's Complaint. (Doc. # 13 ¶¶ 21-119.)  No set of facts or circumstances, in light of Allec's sworn statements (*see generally* Exhs. A and C), can be construed to show Allec had the ability or right to control infringing content on the Forum during the time the infringement occurred, as he unequivocally did not.

In addition to lacking the ability or right to control infringing content on the Forum, Allec did not receive any financial benefit from the alleged infringement.  The only compensation Allec received from the Forum came from his consulting agreement from June 1, 2006 to June 1,

Randazza
Legal Group
7001 W. Charleston Bl.
# 1043
Las Vegas, NV 89117
(888) 667-1113

2007. (Exhs. A ¶¶ 5-17; B at 1-2; C ¶¶ 1, 7-16.)  As the infringements were found on the Forum beginning in late 2010 (Doc. # 13 ¶¶ 21-119), approximately 3.5 years after this contract ended, it is impossible for Allec to have received any financial gain or profit from the alleged infringements.  And, indeed, he did not profit from such infringement: Allec did not receive any money from the Forum or its owners as a result of the infringing content found on it in late 2010. (*See* Exhs. A ¶¶ 4, 9, 11, 14; B; C ¶¶ 13-15, 18, 24-26.)  Without this fundamental element of Righthaven's claim for vicarious infringement, Righthaven has failed to properly state any of its 25 causes of action for vicarious copyright infringement against Allec.

Righthaven fails to properly allege both elements required by this cause of action. Not only did Allec lack the right and ability to control copyright infringements complained of by Righthaven, he never received any compensation arising from their occurrence.  Consequently, all 25 causes of action for vicarious copyright infringement must be dismissed against Allec.

**D. Much Like the Hundreds of Lawsuits Based on Stephens Media LLC's Copyrights, Righthaven Likely Does Not Have Standing to Sue in this Case, Either.**

This Motion to Dismiss' arguments gloss over the crucial question as to whether Righthaven even has standing to sue for copyright infringement.  Ownership of a copyright, or exclusive right therein, is a prerequisite to bringing an infringement action. *Silvers v. Sony Pictures Entm't, Inc.*, 402 F.3d 881, 885 (9th Cir. 2005); *see Sybersound Records v. UAV Corp.*, 517 F.3d 1137, 1144 (holding that only owners and "exclusive licensees" may enforce a copyright or license).

There is a serious, substantiated doubt as to whether Righthaven owns any rights in the copyrights it asserts, and whether it can bring suit against Allec or any other defendant.  A raft of decisions have held, repeatedly, that Righthaven's Strategic Alliance Agreement with Stephens Media LCC did not confer it with standing, and subsequent amendments to the agreement were ineffective at changing the facts at the time of filing. *See Righthaven, LLC v. Mostofi*, No 2:10-cv-01066-KJD-GWF, *2011 WL 2746315* (D. Nev. July 13, 2011); *Righthaven, LLC v. DiBiase*, No. 2:10-cv-01343-RLH, *2011 WL 2473531* (D. Nev. June 22, 2011); *Righthaven, LLC v. Hoehn,* 2:11-cv-00050-PMP, *2011 WL 2441020* (D. Nev. June 20, 2011); *Democratic*

Randazza
Legal Group
7001 W. Charleston Bl.
# 1043
Las Vegas, NV 89117
(888) 667-1113

*Underground*, No. 2:10-cv-01356-RLH-GWF, *2011 WL 2378186* (D. Nev. June 14, 2011). In the District of Colorado, the court has yet to adjudicate the propriety of Righthaven's "Copyright Alliance Agreement" with Media News Group, which is substantively identical to Righthaven's rejected agreement with Stephens Media, and the same name of the agreement by which Righthaven acquired Stevo Design's copyrights underlying this lawsuit. (Doc. # 13 ¶¶ 21-32; *see Righthaven LLC v. Wolf et al.*, 1:11-cv-00830 (Doc. # 20) (D. Colo. July 8, 2011).

Righthaven has tried to overcome these rulings by repeatedly amending its copyright transfer agreements and, now, re-filing or amending its Complaints, in a further effort to conjure standing. This, too, fails. Amendments of Complaints can repair defective allegations, but they cannot create new facts at the time of filing. *See Lujan*, 504 U.S. at 571 n.4; *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 830 (1989); *Hoehn,* 2011 WL 2441020, at *6; *Democratic Underground*, 2011 WL 2378186, at *4 (holding that jurisdiction is based on the facts as they exist "*at the time the complaint is filed*") (emphasis added). A later-executed amendment to a contract is a new fact that did not exist at the time of filing, and thus cannot be a proper basis for constitutional standing. *Hoehn,* 2011 WL 2441020, at *6; *Democratic Underground*, 2011 WL 2378186, at *4.

Righthaven has raised this argument in its Amended Complaint without the Copyright Alliance Agreement between it and Stevo Design even being before the Court, eliciting a raised eyebrow from the undersigned. It took almost a year and a half for Righthaven's Strategic Alliance Agreement with Stephens Media LLC to be made public knowledge, as the model of Righthaven's litigation is to have its suits settle quickly – and cheaply – for nuisance value before the Defendants can gain the knowledge that Righthaven truly does not have the legal right to sue on the copyrights it claims to own. *See, e.g., Righthaven LLC v. Rawlings et al.*, Case No. 2:10-cv-01527 (Docs. # 1, 25) (D. Nev. June 28, 2011) (settling a very similar lawsuit based on Stephens Media LLC copyrights for $1,000, when Righthaven initially asserted damages up to $150,000.00). This issue of standing based on Righthaven's copyright rights need not be addressed by the Court at this time, but the Court can rest assured that this case is not an exception, the one outlier where Righthaven really did have the right to sue after all. All that is

Randazza
Legal Group
7001 W. Charleston Bl.
# 1043
Las Vegas, NV 89117
(888) 667-1113

- 14 -

needed to show Righthaven, the emperor, has no clothes, is for this Copyright Alliance Agreement to be brought to light. Regardless, Allec's dismissal is warranted on much simpler grounds.

**Conclusion**

Despite alleging 50 causes of action against Allec, all of them must be dismissed against him. In its haste to recover 7.5 million dollars, Righthaven named the wrong party as a defendant. Because Allec cannot accord Righthaven its desired relief, Righthaven has failed to state a claim against him for which relief can be granted. In addition, Righthaven lacks standing to sue Allec in this case because he did not cause the injuries for Righthaven seeks redress. Regardless, recent developments shed light on the patent unlikelihood that Righthaven even owns the copyright righs on which it predicates this case, further impairing Righthaven's standing to sue Allec. While this case can be disposed of against Allec without analyzing Stevo's assignment of copyrights to Righthaven, any review of this relationship likely would deprive Righthaven of the ability to sue for infringement occurring on the Forum.

Dated: July 25, 2011

Respectfully Submitted,

RANDAZZA LEGAL GROUP

J. Malcolm DeVoy IV

Attorney for Defendant,
*Michael "Rick" Allec*

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that I am a representative of Randazza Legal Group and that on this 25th day of July, 2011, I caused the document(s) titled:

**DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT UNDER RULES 12(b)(1) and (6)**

to be served as follows:

[  ]   by depositing same for mailing in the United States Mail, in a sealed envelope addressed to Steven A. Gibson, Esq., Righthaven, LLC, 9960 West Cheyenne Avenue, Suite 210, Las Vegas, Nevada, 89129-7701, upon which first class postage was fully prepaid; and/or

[  ]   Pursuant to Fed. R. Civ. P. 5(b)(2)(D), to be sent via facsimile as indicated; and/or

[  ]   to be hand-delivered;

[ X ]   by the Court's CM/ECF system.

                                            /s/ J. Malcolm DeVoy
                                            J. Malcolm DeVoy

Randazza Legal Group
7001 W. Charleston Bl.
# 1043
Las Vegas, NV 89117
(888) 667-1113