SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
SHAWN A. MANGANO, LTD.
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129-7701
Tel: (702) 304-0432
Fax: (702) 922-3851

*Attorney for Plaintiff Righthaven LLC*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>Plaintiff,<br><br>v.<br><br>RICK ALLEC, an individual; and RX ADVERTISING, INC. LLC, a limited-liability company of unknown origin,<br><br>Defendants. | Case No.: 2:11-cv-00532- KJD-PAL<br><br>**PLAINTIFF RIGHTHAVEN LLC'S RESPONSE TO DEFENDANT RICK ALLEC'S MOTION TO DISMISS AMENDED COMPLAINT UNDER RULES 12(b)(1) AND (6)** |

Plaintiff Righthaven LLC ("Righthaven") hereby responds to Defendant Rick Allec's ("Defendant") Motion to Dismiss Amended Complaint (the "Motion", Doc. # 14.) Defendant's Motion is brought pursuant to Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)") and Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)").

Righthaven's response is based on the below memorandum of points and authorities, the pleadings and papers on file in this action, any oral argument allowed, and any other matter upon which this Court takes notice.

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Righthaven's Amended Complaint seeks to hold the Defendant liable for 25 claims of copyright infringement involving the unauthorized, wholesale replication of paid content originally owned by Stevo Design, Inc. ("Stevo Design"). (Doc. # 13 ¶ 22.) As alleged in the Amended Complaint, Stevo Design assigned all rights, title and interest in and to the 25 copyrighted works in this case (the "Works"), along with the right to sue for past, present and future infringements. (*Id.* ¶¶ 21-23.) Righthaven wholeheartedly contends this case is nothing short of the theft of paid content, which has been displayed on the Internet domain <therxforum.com> (the "Domain" and the content accessible on the Domain referred to herein as the "Website"), and made accessible to users of the Website free of charge. Frankly, if proven true, this case involves multiples claims of egregious, willful copyright infringement.

Understandably, the Defendant has sought to distance himself from the conduct alleged in this case. In fact, the Defendant immediately sought to distance himself from this case by first contending that he was not the "Rick Allec" named in the original Complaint. (*Id.* ¶ 4.) The Defendant did not maintain this ruse for long, but instead shifted his defense to that claimed in the Motion – that he had no control over the Website content, that he has not been affiliated with the Website since 2007, that he was merely a web developer performing services on a contract basis for the owners of the Website, and that he surrendered all login in information to the Website owners long ago. (Doc. # 14 at 2.) As alleged in Righthaven's Amended Complaint, however, the Defendant was listed as the Domain registrant at least as of the filing of the original Complaint and that he has been listed as the "owner" of the Domain in publicly available materials. (Doc. # 13 ¶¶ 5-7, Doc. # 1-1.) Not surprisingly given the nature of his defense, the Domain registrant's identity was changed shortly after the Defendant was served with the original Complaint. (*Id.* ¶ 7.)

Despite the foregoing, and despite the other allegations of Righthaven's Amended Complaint, Defendant urges this Court to dismiss him from this action. As argued below, Righthaven has alleged more than sufficient facts to demonstrate the viability of it claims in this

case. Righthaven's allegations in this regard clearly vest this Court with subject matter jurisdiction over this dispute. Defendant's claims to the contrary amount to nothing more than speculative innuendo devoid of any substantively legal basis. Accordingly, Defendant's Motion should be denied in its entirety.

## II. APPLICABLE STANDARDS

### A. Rule 12(b)(1) Standards.

Rule 12(b)(1) allows for the dismissal of an action for lack of subject matter jurisdiction. FED.R.CIV.P. 12(b)(1). District courts have original subject matter jurisdiction over claims "arising under" federal law relating to patents, copyrights, trademarks and . . . related claims of unfair competition." 28 U.S.C. § 1338(a), (b); *see also Scholastic Ent., Inc. v. Fox Ent. Group, Inc.,* 336 F.3d 982, 986 (9th Cir. 2003). A copyright infringement plaintiff is required to allege: (1) ownership of a valid copyright; and (2) the defendant's violation of one or more of the copyright owner's exclusive rights set forth under the Copyright Act. *Ellison v. Robertson,* 357 F.3d 1072, 1077 (9th Cir. 2004); *see also Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 361 (1991).

Under Rule 12(b)(1), the plaintiff bears the burden of establishing the existence of subject matter jurisdiction since it is the party who invoked the court's jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 376-78 (1994). Subject matter jurisdiction must be demonstrated at the outset of the case and must be found to exist at successive stages of the litigation. *See Lujan,* 504 U.S. at 561.

A Rule 12(b)(1) motion that does not consider extrinsic evidence is commonly referred to as a facial attack.[1] *Warren v. Fox Family Worldwide, Inc.* 328 F.3d 1136, 1139 (9th Cir. 2003); *Morrison v. Amway Corp.,* 323 F.3d 920, 924 n. 5 (11th Cir. 2003); *Li v. Chertoff,* 482 F. Supp. 2d 1172, 1175 (S.D. Cal. 2007). A facial attack challenges the sufficiency of the complaint's allegations that federal subject matter has been invoked. *Montez v. Department of Navy,* 392 F.3d 147, 149-50 (5th Cir. 2004); *Warren,* 328 F.3d at 1139; *Morrison,* 323 F.3d at 924 n. 5; *Li,* 482

---

[1] The party challenging subject matter jurisdiction under Rule 12(b)(1) may also proffer

F. Supp. 2d at 1175.  Under a facial attack, the Court must accept as true all well-pleaded facts and draw all reasonable inferences in favor of the non-moving party.  *See Association of Am. Med. Coll. v. United States,* 217 F.3d 770, 778-79 (9th Cir. 2000).

Application of the foregoing standards clearly demonstrates that Defendant's Rule 12(b)(1) challenge should be rejected because Righthaven's Amended Complaint alleges all jurisdictional facts necessary to invoke subject matter over its copyright infringement claims.

**B.    Rule 12(b)(6) Standards.**

A request for dismissal pursuant to Rule 12(b)(6) "is viewed with disfavor and is rarely granted."  *See Gilligan v. Jamco Dev. Corp,* 108 F.3d 256, 249 (9th Cir. 1997) (internal quotations marks omitted).  Dismissal pursuant to Rule 12(b)(6) is only appropriate in extraordinary cases.  *United States v. Redwood City,* 640 F.2d 963, 966 (9th Cir. 1981); *Cauchi v. Brown,* 51 F.Supp.2d 1014, 1016 (E.D. Cal. 1999); *United States v. White,* 893 F.Supp. 1423, 1428 (C.D. Cal. 1995).  The "court's role at the 12(b)(6) stage is not to decide winners and losers or evaluate the strength or weakness of claims . . . ."  *Jacobson v. Hughes Aircraft Co.,* 105 F.3d 1288, 1292 (9th Cir. 1997).  Thus, courts do not consider whether the plaintiff will ultimately prevail under Rule 12(b)(6), but only whether the plaintiff is entitled to offer evidence in support of the claims alleged.  *Allison v. California Adult Auth.,* 419 F.2d 822, 823 (9th Cir. 1969).  In fact, dismissal is only "appropriate when it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations set forth in the complaint."  *See Burnett v. Twentieth Century Fox Film Corp.,* 491 F.Supp.2d 962, 966 (C.D. Cal. 2007).  All allegations asserted in the complaint must be construed in favor of the non-moving party and all material allegations – including any reasonable inferences drawn from same – must be accepted as true by the Court under a Rule 12(b)(6) analysis.  *See id.*  Where dismissal is granted, leave to amend should be granted unless doing so is futile.  *In re Silicon Graphics, Inc. Sec. Litig.,* 183 F.3d 970, 991 (9th Cir. 1999).

The Court is prohibited from considering material outside the complaint under Rule 12(b)(6) unless it converts the motion into one seeking summary judgment.  *See Arpin v. Santa Clara Valley Transp. Agency,* 261 F.3d 912, 925 (9th Cir. 2001); *Beliveau v. Caras,* 873 F.Supp.

1393, 1395 (C.D. Cal. 1995). Such a conversion is generally disfavored if "(1) the motion comes quickly after the complaint was filed, (2) discovery is in its infancy and the nonmovant is limited in obtaining and submitting evidence to counter the motion, or (3) the nonmovant does not have reasonable notice that a conversion might occur." *Rubert-Torres v. Hospital San Pablo, Inc.,* 205 F.3d 472, 475 (1st Cir. 2000). Notice in this regard has been interpreted to require at least ten (10) days notice. *See In re Rothery,* 143 F.3d 546, 549 (9th Cir. 1998); *see also Mack v. South Bay Beer Distrib., Inc.* 798 F.2d 1279, 1282 (9th Cir. 1986).

As argued below, Defendant's Rule 12(b)(6) attack is really a premature motion for summary judgment based upon facts and evidence exclusively within his control. While the Court could potentially convert Defendant's Motion into a request for summary judgment, the fact remains that absolutely no discovery has taken place in this matter and the evidence upon which the Defendant asks the Court to rely is not matters that Righthaven can contest absent formal discovery. Accordingly, Defendant's Motion must be denied under Rule 12(b)(6).

### III. ARGUMENT

#### A. Defendant's Rule 12(b)(1) Challenge Must be Denied in View of The Allegations Contained in Righthaven's Amended Complaint.

Defendant's Rule 12(b)(1) challenge is simply bald speculation and innuendo predicted in part on the results of a different contract and completely inapplicable decisions from this District. (Doc. # 14 at 13-15.) At best, Defendant's request for dismissal for lack of subject matter jurisdiction constitutes a Rule 12(b)(1) facial attack. The allegations of Righthaven's Amended Complaint unquestionably set forth sufficient facts to invoke the subject matter jurisdiction of this Court. Accordingly, Defendant's Rule 12(b)(1) dismissal request must be denied.

As noted earlier in this response, a Rule 12(b)(1) facial attack challenges the sufficiency of the complaint's allegations that federal subject matter has been invoked. *Montez,* 392 F.3d at 149-50; *Warren,* 328 F.3d at 1139; *Morrison,* 323 F.3d at 924 n. 5; *Li,* 482 F. Supp. 2d at 1175. Under a facial attack, the Court must accept as true all well-pleaded facts and draw all reasonable inferences in favor of the non-moving party. *See Association of Am. Med. Coll.,* 217 F.3d at

778-79.  A copyright infringement plaintiff is required to allege: (1) ownership of a valid copyright; and (2) the defendant's violation of one or more of the copyright owner's exclusive rights set forth under the Copyright Act.  *Ellison,* 357 F.3d at 1077; *see also Feist Publ'ns, Inc.,* 499 U.S. at 361.

Pursuant to Section 501(b) of the Copyright Act, only "the legal or beneficial owner of an exclusive right under a copyright" is entitled to sue for infringement.  *Silvers*, 402 F.3d at 884.  Section 106 of the Act, in turn, defines the exclusive rights that can be held in a copyright (*e.g.,* the right to reproduce, to prepare derivative works, and to distribute copies).  Exclusive rights in a copyright may be transferred and owned separately—for example, through assignment or an exclusive license - but no exclusive rights exist other than those listed in Section 106.  *Silvers*, 402 F.3d at 885.  While the right to assert an accrued cause of action for copyright infringement cannot be transferred alone, such a right can be transferred along with one or more of the exclusive rights in a copyright.  *See id.* at 890.

In *Silvers*, the Ninth Circuit held that an assignor can transfer the ownership interest in an accrued past infringement, but the assignee has standing to sue only if the interest in the past infringement is expressly included in the assignment and the assignee is also granted ownership of an exclusive right in the copyrighted work.  *Id.* at 889-90.  In so holding, the panel in *Silvers* aligned Ninth Circuit law with that of the Second Circuit as set forth in *ABKCO Music, Inc. v. Harrisongs Music, Ltd.,* 944 F.2d 971, 980 (2d Cir. 1991), which recognized the right to sue for past infringement when both the copyright and the accrued claims were purchased.  *Silvers,* 402 F.3d at 889.

While these principles in mind, it is clear that Righthaven's Amended Complaint more than adequately invokes the Court's subject matter jurisdiction under the Copyright Act.  First, Righthaven's Amended Complaint establishes ownership as follows:

> Stevo Design, the original publisher and owner of the works placed at issue through the original Complaint and through this First Amended Complaint, assigned all rights, title and interest in and to the works to Righthaven, which is the current copyright owner of said works, as well as expressly conveying to Righthaven authority to seek redress for any and

all past, present and future infringements of the works (the "Assignments").

(Doc. # 13 ¶ 22.)  The foregoing allegations not only satisfy Righthaven's obligation to plead ownership of the Work, but the allegations also establishes the company's right to sue for past, present and future infringements as required by *Silvers*. (*Id.*) While the Amended Complaint discusses the existence of a Copyright Alliance Agreement and amendments to this contract, these allegations only solidify Righthaven's ownership of the Works at issue and its standing to maintain this action. (*Id.* ¶¶ 21, 23.)  All of these allegations must be accepted as true. *See Association of Am. Med. Coll.,* 217 F.3d at 778-79.  Defendant offers absolutely no evidentiary basis to conclude otherwise.

Defendant attempts to traverse the Amended Complaint's allegations, which he appears to concede properly invokes the subject matter jurisdiction of this Court, by arguing that the jurisdictional facts must be limited to those in existence at the time the original Complaint was filed. (Doc. # 14 at 14:7-16.)  In doing so, Defendant hopes to persuade the Court to ignore the more detailed standing allegations and the fact that Righthaven has properly placed the amended CAA at issue.  Defendant, however, is wrong. Righthaven amended its complaint as a matter of rights pursuant to Federal Rule of Civil Procedure 15(a)(1). (Doc. # 13.)  As such, Righthaven's Amended Complaint supersedes and replaces the jurisdictional facts in existence at the time of the original complaint. *See ConnectU LLC v. Zuckerberg,* 522 F.3d 82, 93 (1st Cir. 2008).  Accordingly, Defendant's reliance on case law that limits the jurisdictional facts to those at issue at the time of the filing of the original complaint is completely inapplicable.

Defendant's reliance on inapplicable case law aside, the Amended Complaint additionally sets forth Defendant's acts constituting the Infringement. (*Id.* at ¶¶ 4-14.)  The Court must also accept these allegations as true. *See Association of Am. Med. Coll.,* 217 F.3d at 778-79. Righthaven's Amended Complaint contains more than adequate facts to invoke subject matter jurisdiction. *See Ellison,* 357 F.3d at 1077; *see also Feist Publ'ns, Inc.,* 499 U.S. at 361. Accordingly, Defendant's request for dismissal under Rule 12(b)(1) must be denied.

### B. Defendant's Request for Dismissal of Righthaven's Direct Infringement Claims Must be Denied.

Defendant asserts that Righthaven has failed to state a cognizable direct copyright infringement claim and that dismissal pursuant to Rule 12(b)(6) is required. (Doc. # 14 at 6-10.) Defendant's Rule 12(b)(6) argument must be rejected.

Distilled to its core, Defendant apparently contends that an owner and registrant of an Internet domain cannot be liable for direct infringement. (*Id.*)  In this regard, Defendant maintains that even if a person or entity is listed as a domain registrant, that status does not equate to ownership or control over content appearing on the associated website. (*Id.*)  Defendant supports this argument by providing a declaration that claims he did not have control over the content displayed on the website at issue and that he has had no affiliation with the website since June 1, 2007. (*Id.* at 11.)  The Court cannot accept Defendant's arguments and evidence as true under a Rule 12(b)(6) analysis given the allegations of the Amended Complaint.

In order to state a valid claim for direct copyright infringement, Righthaven must allege: (1) ownership of a valid copyright; and (2) the Defendant's violation of one or more of the copyright owner's exclusive rights set forth under the Copyright Act. *See Ellison,* 357 F.3d at 1077; *see also Feist Publ'ns, Inc.,* 499 U.S. at 361.  Righthaven has alleged that the Defendant was the registrar of the Domain in this case as of the filing of the original Complaint. (Doc. # 13 ¶ 5.)  Righthaven has also specifically alleged that the Defendant was in control of the content accessible through the Domain. (*Id.* ¶ 6.)  Righthaven has additionally alleged that Defendant's name was removed as registrar for the Domain and replaced with another entity shortly after being served with the original Complaint. (*Id.* ¶ 7.)  The Defendant is further alleged to have been the owner of the Domain based on publicly available information.  (*Id.;* Doc. # 1-1.)  While these allegations are certainly sufficient to establish potential liability for direct infringement, Righthaven has also set forth detailed allegations sufficient to establish potential liability based on a willful blindness theory whereby a culture of infringement has been permitted to exist despite Defendant's control over the content appearing on the Website. (*Id.* ¶¶ 128-132.)   The Court must accept these allegations as true under a Rule 12(b)(6) analysis. *See Association of Am. Med. Coll.,* 217 F.3d at 778-79.  Accordingly, Righthaven's allegations under the Amended

Complaint unquestionably establish a more than plausible inference that Defendant is directly responsible for the unauthorized versions of the Works in this case being displayed on the Website.

Defendant attempts to overcome the presumptions afforded to a non-moving party under Rule 12(b)(6) by submitting material outside of the Amended Complaint, including Defendant's own Declaration. (Doc. # 14 at 6-12.)  Whether or not Defendant's sworn statements excuse him from liability in this case is not at issue under a Rule 12(b)(6) analysis. *See Allison,* 419 F.2d at 823. Rather, what is at issue is whether the allegations contained in the Amended Complaint, when all facts and reasonable inferences are deemed to be true, potentially subject the Defendant to liability. *See Burnett,* 491 F.Supp.2d at 966.  To the extent the Court wishes to consider the extrinsic materials submitted by the Defendant, it must convert the Motion into a request for summary judgment.  *See Arpin,* 261 F.3d at 925.  Doing so, however, is clearly inappropriate given that Defendant's Motion is his initial response to the Amended Complaint, no discovery has been conducted in this case given it is at its inception, and virtually all of the facts asserted by the Defendant are exclusively within his own knowledge or within his control. *See Rubert-Torres,* 205 F.3d at 475.

In sum, the Motion must be denied under Rule 12(b)(6) given the allegations contained in the Amended Complaint, which clearly assert viable claims for direct copyright infringement liability against the Defendant.  The Motion must also be denied because it relies on materials outside the Amended Complaint and it is procedurally improper to convert Defendant's Rule 12(b)(6) dismissal request into one for summary judgment.

### C. Defendant's Requested Dismissal of Righthaven's Vicarious Infringement Claims is Misplaced Because it Has Asserted no Such Claims Against Defendant.

Defendant has moved for dismissal of Righthaven's vicarious copyright infringement claims.  (Doc. # 14 at 12-13.)  Righthaven, however, has asserted no claims for vicarious copyright infringement against the Defendant.  (Doc. # 13 at 45-62.)  All such allegations are asserted against Defendant RX Advertising, Inc. LLC.  (*Id.*)  Accordingly, Defendant's request

9

for dismissal pursuant to Rule 12(b)(6) on the grounds that Righthaven has failed to assert vicarious infringement claims against him for which relief can be granted must be denied as no such claims have been asserted.

### IV.   CONCLUSION

For the reasons set forth above, Righthaven respectfully requests that the Court deny Defendant's Motion in its entirety and grant such other relief as it deems proper.

Dated this 11th day of August, 2011.

SHAWN A. MANGANO, LTD.

By: /s/ Shawn A. Mangano
SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129-7701
Tel: (702) 304-0432
Fax: (702) 922-3851

*Attorney for Plaintiff Righthaven LLC*

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that I on the 11th day of August, 2011, I attempted to serve the foregoing document via the Court's CM/ECF system, but due to a disruption in Internet service I could not do so under the morning of April 12, 2011.

SHAWN A. MANGANO, LTD.

By: /s/ Shawn A. Mangano
SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129-7701
Tel: (702) 304-0432
Fax: (702) 922-3851

*Attorney for Plaintiff Righthaven LLC*