J. Malcolm DeVoy (Nevada Bar No. 11950)
jmd@Randazza.com
RANDAZZA LEGAL GROUP
7001 W. Charleston Boulevard, # 1043
Las Vegas, NV 89117
Telephone: 888-667-1113
Facsimile: 305-437-7662
Randazza.com

Attorney for Defendant,
*Michael "Rick" Allec*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN, LLC, a Nevada limited liability company,<br><br>      Plaintiff,<br><br>    v.<br><br>RICK ALLEC, an individual; and RX ADVERTISING INC., LLC, a limited-liability company of unknown origin,<br><br>      Defendants. | Case No. 2:11-cv-00532<br><br>**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS AMENDED COMPLAINT** |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS AMENDED COMPLAINT**

  Defendant Michael Richard (a/k/a "Rick") Allec (hereinafter, "Allec," or the "Defendant"), by and through his counsel, Randazza Legal Group, hereby replies to the opposition (Doc. # 16) filed by Plaintiff Righthaven LLC (hereinafter "Righthaven," or the "Plaintiff") in response to Defendant's Motion to Dismiss (Doc. # 14).

**I.  Introduction**

  Allec is not a proper defendant in this case. As a mere contractor for the owner of <therx.com> and <therxforum.com> from 2006 to 2007, he performed the ministerial task of registering two domain names for the company that owned them and hired him. He then immediately gave control of the domain names to their owner in the course of his employment. Since June of 2007, Allec had no connection with these domain names, and he never had

Randazza
Legal Group
7001 W. Charleston Bl.
# 1043
Las Vegas, NV 89117
(888) 667-1113

- 1 -

practical nor legal control of them. (Doc. # 14 Exhs. A-C.)  When Righthaven filed suit, Allec's contact information was found in the WHOIS database as the registrant for these domain names, allegedly liable for copyright infringement.[1]  Yet, Allec had neither ownership nor control over the domain names and the content residing at the websites to which the domains resolved. (*Id*.)  Allec's name on these registrations was a mere vestige of his performance of a duty, as a contractor for a third party, approximately four years ago.

Long after his job as a contractor for the websites' true owners was done, Allec's identity was left behind in the WHOIS database, such as how an electrician might sign for a shipment of wiring delivered to his boss, or a paralegal might sign for papers sent to the law firm.  The mere presence of their names on a piece of paper connected to the matter does not mean that the electrician owns the business, or that the paralegal is in control of the actions of the law firm.  These hypothetical comparisons show how absurd Righthaven's position is.  However, expand the hypothetical to presume that the electrician or the paralegal left their job four years ago, yet today, someone tries to hold them responsible for something their former employer might have done last month.  Righthaven tries to impose tremendous liability onto someone who had a long-dead relationship with the entities Righthaven should be suing.  Righthaven has decided that it simply needs an easy-to-serve defendant – however tenuous his relationship to the harm it alleges – rather than doing the work of finding and serving the proper defendant.

As set forth in Allec's Motion (Doc. # 14), this is a case of a Plaintiff suing the wrong party with no good cause.  Righthaven's Opposition does nothing to change this fact, and relies on theories – which actually comport with Allec's affidavits – to prevail against Mr. Allec's sworn statements.

In cases such as this one, where subject matter jurisdiction is at issue, Courts should look at facts beyond the pleadings.  Subject matter jurisdiction extends beyond Righthaven's mere

---

[1] The information found on the WHOIS database is famously inaccurate and easily faked, prompting even members of Congress to take note.  Minutes of a 2002 meeting on the house judiciary subcommittee, available online, noted that "All too often, the data we access in Whois is clearly bogus on a first glance, listing fictitious cities, states and countries, phone numbers consisting entirely of letters or repeated '5''s, and the like.  In even more cases, the most rudimentary investigation would demonstrate the falsity of Whois data."  http://judiciary.house.gov/legacy/metalitz052202.htm (last accessed Aug. 21, 2011).

Randazza
Legal Group
7001 W. Charleston Bl.
# 1043
Las Vegas, NV 89117
(888) 667-1113

possession of the right to sue the Defendant, but goes to whether Righthaven is suing the proper party. As in this case, where the plaintiff sues the wrong party, there is no case or controversy between the parties before the Court, and subject matter jurisdiction does not exist. *Allen v. Wright*, 468 U.S. 737, 751 (U.S. 1984)

Allec's inclusion of additional evidence to support his Motion to Dismiss under Rule 12(b)(6) is not merely proper, but encouraged by Rule 12(d). This Rule is particularly useful in cases such as this one, where discovery is not only unnecessary, but would fail to establish anything but what the defendant already knows and has shown to the Court – he has been sued in error, based on a contractual relationship that ended years ago. (Doc. # 14 Exhs A-C.) When readily available evidence is as clear as it is in this case, showing that the defendant is not liable for the wrongs alleged by the plaintiff, Rule 12(d) converts Rule 12(b)(6) motions to dismiss into motions for summary judgment – allowing courts to consider the evidence before them and dispose of cases without forcing them to proceed to discovery.

If Righthaven's position is accepted, anyone who had a speculative connection to copyright infringement can be held liable for it – regardless of his or her innocence – or at least subject to full discovery and the large legal bills it portends. Instead of being able to take the procedurally proper step of dismissing a lawsuit that pre-suit investigation would have revealed should not have been brought, a wrongly named litigant will have to suffer through the costs of discovery and even trial, no matter the absence of evidence showing guilt. Accordingly, with evidence of Allec's lack of culpability properly before the Court, it should grant his Motion to Dismiss Righthaven's Amended Complaint (Doc. # 14), and should it see fit, do so styled as an order on Summary Judgment.

## II.   Argument

Allec is not the owner of the domain name and website at issue in this case, thus there is no legal theory that supports holding him liable for 7.5 million dollars in alleged copyright

Randazza
Legal Group
7001 W. Charleston Bl.
# 1043
Las Vegas, NV 89117
(888) 667-1113

infringements.[2] As Righthaven has sued the wrong person – a contractor with no current claim to or ownership in the websites where infringement allegedly occurred – there is no subject matter jurisdiction to resolve this dispute.

Righthaven glosses over this aspect of subject matter jurisdiction to instead focus on the copyrights it allegedly obtained from Stevo Design Incorporated, which are the basis for this lawsuit. In every other case in this District where a judge has looked at Righthaven's copyright ownership, its acquisition of those rights was found to be a fraud, and thus Righthaven was deprived of the ability to claim subject matter jurisdiction. It is presumed that pulling back the curtain on the assignments at issue in this case will reveal the same champertous fraud.[3] Nevertheless, the Court need not go that far in finding a lack of jurisdiction in this case, though, as Allec is not the source of Righthaven's alleged harms. In light of Righthaven's raft of losses in this District due to its Strategic Alliance Agreement with Stephens Media LLC failing to grant it standing to sue, and a substantively identical document being considered by the District of Colorado with respect to Righthaven's relationship with Media News Group, Incorporated (interestingly, also called a "Copyright Alliance Agreement," as is Righthaven's agreement with Stevo Design), Righthaven's claims of copyright ownership should be met with skepticism.[4] If anything, the bar for proving subject matter jurisdiction should be a bit higher for Righthaven at this point. Yet, Righthaven's ownership of the copyrights need not be considered at this time; the impropriety of Allec as a defendant in this case is sufficient to deprive the court of subject matter jurisdiction. This Honorable Court can await the efforts of the true defendant for its

---

[2] As the copyrighted works at issue in this case are sports betting odds – predictions of the outcome of athletic contests – query the copyrightability of the works at issue, and even if they are copyrightable, query the value of these copyrighted works (and economic harm arising from infringement) *after* the analyzed games are finished. The undersigned contends that such value is zero. If Allec is forced to remain in this case, this will be fully briefed for the Court, thus destroying Righthaven's chance of recovery against anyone, let alone Mr. Allec.

[3] *See, e.g.*, *Righthaven, LLC v. Democratic Underground*, Case No. 2:10-cv-01356-RLH-GWF, *2011 WL 2378186* (D. Nev. June 14, 2011); *Righthaven LLC v. Hoehn*, Case No. 2:11-cv-00050, *2011 WL 2441020* (D. Nev. June 20, 2011), *Righthaven, LLC v. DiBiase*, Case No. 2:10-cv-01343-RLH, *2011 WL 2473531* (D. Nev. June 22, 2011); *Righthaven, LLC v. Mostofi*, Case No 2:10-cv-01066-KJD-GWF, *2011 WL 2746315* (D. Nev. July 13, 2011). Under Federal Rule of Evidence 201, the Court may take judicial notice of these documents' collective existence as public records. *U.S. v. Camp*, 723 F.2d 741, 744 (9th Cir. 1984) (taking judicial notice of a verifiable public record).

[4] *See Righthaven LLC v. Wolf et al.*, Case No. 1:11-cv-00830 (Doc. # 20) (D. Colo. July 8, 2011). Under Federal Rule of Evidence 201, the Court may take judicial notice of this document's existence as a public record. *Camp*, 723 F.2d at 744.

Randazza Legal Group
7001 W. Charleston Bl.
# 1043
Las Vegas, NV 89117
(888) 667-1113

opportunity to review Righthaven's attempt to claim that it has properly obtained enforceable copyrights.

Allec's evidence regarding subject matter jurisdiction is properly before this Court. Motions to dismiss for lack of subject matter jurisdiction require courts to look beyond the pleadings to determine if jurisdiction exists. *Whitehorn v. F.C.C.*, 235 F. Supp. 2d 1092, 1095-96 (D. Nev. 2002) (*citing St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989)). "On a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), proof of jurisdictional facts may be supplied by affidavits, declaration, or any other evidence properly before the court, in addition to the pleadings challenged by the motion." *Green v. U.S.*, 630 F.3d 1245, 1248 (9th Cir. 2011).

Subject matter jurisdiction is a sufficient independent basis for dismissing Righthaven's claims against Allec. Yet, in cases such as this one where full discovery is not needed to justify dismissal, Rule 12(d) allows Rule 12(b)(6) motions to dismiss to be brought including outside facts, and treats them summary judgment motions so that improperly named defendants may be dismissed without incurring the costs and delays of discovery. *See Johnson v. LaSalle Bank Nat'l Ass'n*, 663 F. Supp. 2d 747 (D. Minn. 2009) (moving to dismiss a complaint under 12(b)(6) with external evidence, which is treated a motion for summary judgment under Rule 12(d)); *Catone v. Potter*, 5:08-cv-00132, *2010 U.S. Dist. LEXIS 26994* (W.D.N.C. 2010) (treating an evidence-supported motion to dismiss under Rule 12(b)(6) as a motion for summary judgment under Rule 12(d)). Contextually, and as applied in this case, the entire purpose of Rule 12(d) is to allow Courts and litigants to dispose of cases early on via Rule 12(b)(6), before discovery, as evidence beyond that presently in the parties' possession is not needed to resolve the dispute.

This inclusion of evidence and conversion to summary judgment is necessary for Allec to be released from this litigation, and serves the purpose of Rule 12(d)'s existence. Therefore, Rule 12(d) converts Allec's 12(b)(6) basis for dismissing Righthaven's Complaint into a Motion for Summary Judgment under Rule 56. Fed. R. Civ. P. 12(d); *Lee v. City of Los Angeles*, 250 F.3d 668, 687 (9th Cir. 2001); *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996); *Cycle Barn, Inc. v. Arctic Cat Sales Inc.*, 701 F. Supp. 2d 1197, 1201-02 (W.D. Wash. 2010). As such,

Randazza
Legal Group
7001 W. Charleston Bl.
# 1043
Las Vegas, NV 89117
(888) 667-1113

1  this prong of the Motion (Doc. # 14) is necessarily – and properly – treated as a Motion for
2  Summary Judgment, in which the Court not only considers the facts, but uses them as a basis for
3  judgment. Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows
4  that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a
5  matter of law"); *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Anderson v. Liberty Lobby,*
6  *Inc.,* 477 U.S. 242, 247-48 (1986).  As there is no question as to any material fact in this case, the
7  evidence indicates that Allec did not own the domain name or website at issue at the time of
8  infringement – nor for several years preceding it – and Righthaven's claims must be dismissed.

9         **A.**      **The Court Lacks Subject Matter Jurisdiction Over this Lawsuit Because**
10              **Righthaven has Sued the Wrong Person.**

11      In order to maintain this lawsuit, Righthaven's harm must be traceable to the defendant's
12  unlawful conduct, and likely redressed by the desired relief. *Allen*, 468 U.S. at 751.  Under *Allen*,
13  *id*., it is axiomatic that suing the wrong party defeats standing, as the harm would not be
14  traceable to the wrong party.  In this case, Allec has definitively established that he is sued in
15  error, as someone else is in control of the Domain Names at issue and websites upon which
16  infringing content is found. (Doc. # 14 Exhs. A-C.)  Because jurisdictional issues – and
17  particularly those of subject matter jurisdiction – extend beyond the face of the Complaint,
18  Courts look to evidence and facts existing beyond the pleadings when analyzing them. *St. Clair*,
19  880 F.2d at 201; *Whitehorn*, 235 F. Supp. 2d at 1095-96; *Democratic Underground, 2011 WL*
20  *2378186*; *Mostofi, 2011 WL 2746315*.  To compound the sin, Righthaven is fully aware of these
21  facts, yet tempestuously refuses to dismiss Mr. Allec, even without prejudice.  If it were to do so,
22  and Mr. Allec were found to have been lying to this Honorable Court, he could always be
23  brought back into the suit *and* prosecuted for perjury.  However, Righthaven has predictably
24  acted with regard for neither the facts nor the law.

25      Dismissal for lack of subject matter jurisdiction is proper if the complaint, considered in
26  its entirety, fails to allege facts that are sufficient to establish subject matter jurisdiction. *In re*
27  *DRAM Antitrust Litigation*, 546 F.3d 981, 984-85 (9th Cir. 2008); *Mostofi, 2011 WL 2746315*.
28  In this case, the Court has been presented with evidence that, despite being named as the

Randazza
Legal Group
7001 W. Charleston Bl.
# 1043
Las Vegas, NV 89117
(888) 667-1113

- 6 -

registrant of the website domain names where infringing content was found, Allec had no ownership or control of the sites or underlying domain names. (Doc. # 14 Exhs. A-C.) Accordingly, the Court should dismiss Righthaven's claims against Allec, and frankly should sanction Righthaven for persisting in pursuing him with no support for doing so.

Under the precedent of *Allen*, 468 U.S. at 751, standing only exists if a valid claim is asserted against a proper party – one from which the plaintiff's harm originates.  Yet, the evidence here shows that Allec did not cause Righthaven's harm, as he was a contract for the websites' owner many years ago. (Doc. # 14 Exhs. A-C.)  Allec's evidence directly relates to jurisdictional facts, as his sworn submission concerns his status as a named defendant and Righthaven's standing to sue him for a harm he did not – and could not – commit. *See Allen*, 468 U.S. at 751.  Assuming, generously, that Righthaven owns the copyrights it asserts, it is holding a loaded gun in the form of its infringement claims.  This Court, however, is not entitled to let Righthaven point and shoot its gun at a bystander that evidence shows is not a proper defendant to this action.  If Righthaven has contrary evidence, Righthaven should make it of record.  Additionally, if Righthaven believes that Mr. Allec possesses evidence of his culpability, it could have taken advantage of numerous tools to properly seek discovery of this information. The reason is clear – Righthaven hopes to collect yet another nuisance value settlement from yet another wrongfully sued defendant.

### B. Allec's Evidence is Properly Considered in His 12(b)(6) Basis for Dismissal, as The Motion is Converted to a Motion for Summary Judgment.

Contrary to Righthaven's assertions, the Court's conversion of Allec's 12(b)(6) portion of his Motion to a Rule 56 motion for summary judgment is not only proper, but desirable, and appropriate in this case.  Such conversion is a commonly accepted practice that allows for the rapid disposition of litigation when discovery is not needed. *See Johnson*, 663 F. Supp. 2d at 747; *Catone*, 2010 U.S. Dist. LEXIS 26994.  Moreover, it is an expeditious way for the Court to determine the parties' rights and interests in this litigation, as well as the Court's, as soon as possible. *See Johnson*, 663 F. Supp. 2d at 747.  This provision protects wrongly named

Randazza Legal Group
7001 W. Charleston Bl. # 1043
Las Vegas, NV 89117
(888) 667-1113

defendants such as Allec from being needlessly subjected to the costs and intrusions of discovery. *Lee*, 250 F.3d at 687; *Anderson*, 86 F.3d at 934.

Based on the facts Allec has presented to the Court (Doc. # 14 Exhs. A-C), there is no need to proceed to discovery – all of the facts needed to see that Righthaven has sued the incorrect party are before the Court. While this goes beyond the scope of the pleadings, such a scenario is specifically contemplated, and even encouraged, by Rule 12(d). Rather than unnecessarily prolong litigation, a Rule 12(b)(6) motion to dismiss based on evidence can be treated as a motion for summary judgment, and used to immediately thwart improper litigation.

Righthaven's argument against conversion, relying on a First Circuit decision, specifies circumstances in which conversion is merely *disfavored* – not precluded or disallowed. *Rubert-Torres v. Hospital San Pablo, Inc.,* 205 F.3d 472, 475 (1st Cir. 2000). These bases for disfavoring conversion are "1) the motion comes quickly after the Complaint was filed, 2) discovery is in its infancy and the nonmovant is limited in obtaining and submitting evidence to counter the motion, or 3) the nonmovant does not have reasonable notice that a conversion might occur." *Id*. None of these conditions are present in this case.

In the instant case, Court is finally reaching the issue of whether Allec is properly named in this action months after the Complaint (Doc. # 1) was initially filed on April 8, 2011. To that end, Allec moved to dismiss the original Complaint on June 20, pursuant to Rules 12(b)(1) and 12(b)(6) (Doc. # 11) – the same bases for dismissal articulated in the pending Motion to Dismiss the Amended Complaint (Doc. # 14). As the Complaint and Amended Complaint are all but identical, the Amended Complaint ostensibly was filed to make Allec re-create the wheel with the pending Motion (*see* Doc. # 15; *compare* Docs. # 1, 13).

The dismissal motions in this case came several months after Righthaven filed its Complaint. (Docs. # 1, 11, 14, 15.) During that time, and even before it, Righthaven could have investigated its case through a Motion for Early Discovery or other mechanism. Moreover, Righthaven, like any plaintiff, has numerous procedural tools it could have and can use to obtain the desired (though currently unspecified) discovery it seeks to obtain in this case. Righthaven has declined to use them. Similarly, Righthaven's claim that conversion would be improper due

Randazza
Legal Group
7001 W. Charleston Bl.
# 1043
Las Vegas, NV 89117
(888) 667-1113

to its lack of notice is also unavailing – it has known since at least June 20, 2011, that Allec would move to dismiss its Complaint, and subsequent Amended Complaint, for failing to state a claim against him, as he was not the correct party. (Doc. # 11.)  The conversion of this motion under Rule 12(d) is no shock to Righthaven, and Righthaven's claimed surprise that Allec would move to dismiss its Amended Complaint under Rule 12(b)(6) – despite having notice that Allec would do so – is both unavailing and unconvincing.

>    C.    **Even Evaluating Allec's Motion as a Motion for Summary Judgment, Allec Is Entitled to Judgment in His Favor.**

As noted in Section A, this Court may dismiss this case for Righthaven's lack of standing based on Allec being an improper defendant.  As a separate and independent basis for dismissal, though, Allec's 12(b)(6) motion to dismiss' treatment as a motion for summary judgment is proper and desirable under Rule 12(d).  Moreover, and contrary to Righthaven's assertions, Allec would prevail under this standard. Inherent in Allec's Motion to dismiss under Rule 12(b)(6) and inclusion of evidence in support of that motion is the conversion of the motion into one for summary judgment under Rule 12(d). A party is entitled to summary judgment as a matter of law when the party can demonstrate that there is no genuine issue as to any material fact. Fed. R. Civ. P. 56(c); *see Celotex Corp*, 477 U.S. at 325.  What Righthaven has not done, however – despite having notice of a 12(b)(6) motion to dismiss relying on documentary evidence since June 20, 2011 (Doc. # 11) – is to introduce any *facts* that would create a question as to any material fact justifying Allec's dismissal from the action.   Indeed, Righthaven has not so much as hinted at what discovery it would need to rescue its case against Mr. Allec.  There is a reason for that – no discovery would cure this case's fatal afflictions.

Righthaven alleges that Allec was the named registrant of the domain name at issue, and that the domain name was transferred out of Allec's control, but provides no evidence concerning that point.  Even if supported by evidence, this argument does not controvert the facts as supplied by Allec (Doc. # 14 Exhs. A-C): Allec did not have control over the domain names or websites for many years, did not own them, and did not effect the change in registrants.

Randazza
Legal Group
7001 W. Charleston Bl.
# 1043
Las Vegas, NV 89117
(888) 667-1113

Arguments and inferences are not enough to controvert facts as needed to successfully oppose a motion for summary judgment. "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported Motion for Summary Judgment; the requirement is that there be no genuine issue of material fact." *Anderson,* 477 U.S. at 247-48.  Indeed, allegations, argument and speculation cannot substitute for facts when making or opposing a summary judgment motion. *See* Fed. R. Civ. P. 56(c)(1); *Gross v. Burggraf Construction Co.*, 53 F.3d 1531, 1546 (10th Cir. 1995*); see also Helena Rubenstein, Inc. v. Bau*, 433 F.2d 1021, 1023 n. 1 (9th Cir. 1970).

Righthaven put forth no evidence to controvert Allec's sworn statements and documents, based on his firsthand knowledge. (Doc. # 14 Exhs. A-C.)  Instead, Righthaven relies on unsubstantiated arguments that, as noted, actually support and comport with Allec's statements (*Id*.).  Axiomatically, Righthaven's bare contentions and unsupported arguments are not facts by any understanding of the word.  As Righthaven supplied no facts that contradict Allec's statements concerning his long-ago, temporary registration of the domain names at issue as a ministerial duty performed for another organization (Doc. # 14 Exhs. A-C), there cannot be any controverted facts that would deny judgment being entered in Allec's favor if his Rule 12(b)(6) motion (Doc. # 14) were treated as a motion for summary judgment.

**Conclusion**

This Court has numerous avenues to dismiss this action, and any one will be sufficient to free Allec, a contracted service provider whose services ended several years before any infringement alleged in the Complaint occurred, from Righthaven's misaimed lawsuit.  Under Rule 12(b)(1), the Court may consider outside evidence in determining whether Righthaven has standing to pursue this lawsuit.  Here, Allec has provided sworn statements that he is not the owner of the domain names or websites at issue, and sued in error – a scenario addressed by the United States Supreme Court in *Allen*, and found to deprive a plaintiff of standing.

Alternately, the Court is entitled to grant Allec's Motion to Dismiss under Rule 12(b)(6) (Doc. # 14) through its conversion into a motion for summary judgment and consideration of the evidence pending before it under the standards found in Rule 56.  Upon conversion to a Rule 56

Randazza Legal Group
7001 W. Charleston Bl.
# 1043
Las Vegas, NV 89117
(888) 667-1113

motion for summary judgment, Allec will be entitled to judgment in his favor.  The evidence on the record does not reveal any question of fact as to Allec's lack of ownership in the domain names and websites – the instrumentalities of copyright infringement Righthaven alleges – and Allec is entitled to judgment in his favor on this theory as well.

Dated: August 22, 2011

Respectfully Submitted,

                                        RANDAZZA LEGAL GROUP

                                        J. Malcolm DeVoy IV

                                        Attorney for Defendant,
                                        *Michael "Rick" Allec*

Randazza Legal Group
7001 W. Charleston Bl.
# 1043
Las Vegas, NV 89117
(888) 667-1113

# CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that I am a representative of Randazza Legal Group and that on this 22nd day of August, 2011, I caused the document(s) titled:

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS AMENDED COMPLAINT**

to be served as follows:

[ ]   by depositing same for mailing in the United States Mail, in a sealed envelope addressed to Steven A. Gibson, Esq., Righthaven, LLC, 9960 West Cheyenne Avenue, Suite 210, Las Vegas, Nevada, 89129-7701, upon which first class postage was fully prepaid; and/or

[ ]   Pursuant to Fed. R. Civ. P. 5(b)(2)(D), to be sent via facsimile as indicated; and/or

[ ]   to be hand-delivered;

[ X ]   by the Court's CM/ECF system.

/s/ J. Malcolm DeVoy
J. Malcolm DeVoy

Randazza Legal Group
7001 W. Charleston Bl. # 1043
Las Vegas, NV 89117
(888) 667-1113