# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RIGHTHAVEN LLC,

    Plaintiff,

v.

RICK ALLEC, *et al*.,

    Defendants.

Case No. 2:11-CV-00532-KJD-CWH

**ORDER**

Presently before the Court is Defendant Rick Allec's Motion to Dismiss Amended Complaint (#14).  Plaintiff filed a response in opposition (#16) to which Defendant replied (#18).

I.  Background

This dispute arises out of Defendants' alleged copyright infringing conduct.  Beginning November 10, 2010, and ending March 22, 2011, Defendants displayed copyrighted works on the website:  <http://www.therxforum.com/>.  Righthaven alleges that approximately twenty-five copyrighted works ("the Works") were displayed on Defendants' website.  Righthaven claims that these Works infringe upon its alleged copyright in the articles.

1    Righthaven's claim, now commonplace, has been scrutinized by this Court and other courts

2    in this district on several previous occasions.[1]  The basis for Righthaven's claim is the alleged

3    assignment of a copyright from Stevo Design – the alleged original owner of the Works – on May 25,

4    2010.  This assignment from Stevo Design mirrored the assignment that Righthaven had allegedly

5    received in other cases involving Stephens Media.

6        In June 2011, Judge Hunt in Righthaven, LLC v. Democratic Underground, LLC, 791 F.

7    Supp. 2d 968, 971 (D. Nev. 2011), ordered the contents of a previously unrevealed agreement

8    between Righthaven and Stephens Media, known as the Strategic Alliance Agreement ("SAA"), to

9    be made public.  The SAA, executed on January 18, 2010, governs assignments of future copyrights

10   from Stephens Media to Righthaven.  This Court and others dismissed Righthaven lawsuits for lack

11   of standing at the time the complaint was filed.  On June 20, 2011, Defendant Allec filed a motion to

12   dismiss the Complaint (#1) for lack of standing.

13       On July 11, 2011, Stevo Design and Righthaven entered into a Clarification and Amendment

14   Agreement which attempted to further clarify the intent of the Agreements and Righthavens standing

15   to sue for past infringement.  Plaintiff then filed the present Amended Complaint (#13).  Defendant

16   again filed a motion to dismiss the amended complaint for lack of standing asserting that the

17   Clarification and Amendments do not cure the jurisdictional defects.

18   ///

19   ///

20

---

21       [1] The facts of this case are unremarkable and the issues the same as a myriad of other cases
     initiated by Righthaven. See Righthaven, LLC v. Newsblaze, LLC, 2:11-CV-720-RCJ-GWF, —
22   F.Supp.2d ——, 2011 WL 5373785 (D. Nev. Nov. 4, 2011); Righthaven, LLC v. Newman, 2:10-CV-
     1762 JCM PAL, —— F.Supp.2d ——, 2011 WL 4762322 (D. Nev. Oct. 7, 2011); Righthaven, LLC v.
23   Hyatt, 2:10-CV-01736-KJD, —— F. Supp. 2d ——, 2011 WL 3652532 (D. Nev. Aug. 19, 2011);
     Righthaven, LLC v. Pahrump Life, 2:10-CV-01575-JCM, —— F.Supp.2d ——, 2011 WL 7442981
24   (D. Nev. Aug. 12, 2011); Righthaven, LLC v. Pahrump Life, 2:10-CV-01575-JCM, —— F.Supp.2d
     ——, 2011 WL 7442981 (D. Nev. Aug. 12, 2011); Righthaven, LLC v. Mostofi, 2:10-CV-1066-KJD-
25   GWF, —— F.Supp.2d ——, 2011 WL 2746315 (D. Nev. July 13, 2011); Righthaven, LLC v. DiBiase,
     2:10-CV-01343-RLH, —— F.Supp.2d ——, 2011 WL 2473531 (D. Nev. June 22, 2011); Righthaven,
26   LLC v. Hoehn, 792 F. Supp. 2d 1138, 1147 (D. Nev. 2011).

1   II. Discussion

2          Recently this Court determined that Righthaven lacked standing to pursue copyright

3   infringement claims based on assignments made under the SAA because the SAA prevents

4   subsequent assignments from transferring "the exclusive rights necessary to maintain standing in a

5   copyright infringement action."[2]  Righthaven, LLC v. Hyatt, 2:10-CV-01736-KJD, ⸻ F.Supp.2d

6   ⸻, 2011 WL 3652532 *5 (D. Nev. Aug. 19, 2011); Righthaven, LLC v. Mostofi, 2:10-CV-1066-

7   KJD-GWF, ⸻ F.Supp.2d ⸻, 2011 WL 2746315 *5 (D. Nev. July 13, 2011).  Because the issues

8   are the same, the reasoning in Hyatt and Mostofi on the issue of standing controls here.  Similar to

9   Hyatt and Mostofi, Righthaven alleges that the Amendment and Clarification further clarify and

10  effectuate to the extent not already accomplished, what has at all times been the intent of the parties -

11  to transfer full ownership in copyright to Righthaven.  However, the Amendment and Clarification

12  cannot create standing because "[t]he existence of federal jurisdiction ordinarily depends on the facts

13  *as they exist when the complaint was filed*."  Lujan v. Defenders of Wildlife, 504 U.S. 555, 571 n.4

14  (1992) (quoting Newman-Green, Inc. v. Alfonzo- Larrain, 490 U.S. 826, 830 (1989)) (emphasis in

15  Lujan).  Although a court may allow parties to amend defective allegations of jurisdiction, it may not

16  allow the parties to amend the facts themselves.  Newman-Green, 490 U.S. at 830.  Here, as the

17  Court stated in Mostofi and Hyatt, Righthaven and Stevo Design attempt to impermissibly amend the

18  facts to manufacture standing. Therefore, the Court will not consider the amended language of the

19  SAA or the Clarifications, but the actual assignment and language of the SAA as it existed at the

20

21          _____
            [2] Section 501(b) of the 1976 Copyright Act ("Act") establishes who is legally authorized to
22  sue for infringement of a copyright:

23          The legal or beneficial owner of an exclusive right under a copyright is
            entitled. . .to institute an action for an infringement of that particular right
24          committed while he or she is the owner of it.

25  17 U.S.C. § 501(b). Therefore, to be entitled to sue for copyright infringement, the plaintiff must
    be the "legal or beneficial owner of an exclusive right under a copyright." See Silvers v. Sony
26  Pictures Entm't, Inc., 402 F.3d 881, 884 (9th Cir. 2005).

time the Complaint (#1) was filed.[3]  Because the SAA prevents Righthaven from obtaining any of the exclusive rights necessary to maintain standing in a copyright infringement action, the Court finds that Righthaven lacks standing in this case.  Accordingly, the Court dismisses Righthaven's complaint.

III. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Defendant Rick Allec's Motion to Dismiss Amended Complaint (#14) is **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's Amended Complaint is **DISMISSED as to all parties**.

DATED this 16th day of March 2012.


_____
Kent J. Dawson
United States District Judge

_____

[3] The SAA expressly denies Righthaven any right from future assignments other than the bare right to bring and profit from a copyright infringement action. This notion is clearly expressed in Section 7.2 of the SAA:

> 7.2 Despite any such Copyright Assignment, Stephens Media shall retain (and is hereby granted by Righthaven ) an exclusive license to Exploit the Stephens Media Assigned Copyrights for any lawful purpose whatsoever and **Righthaven shall have no right or license to Exploit or participate in the receipt of royalties from the Exploitation of the Stephens Media Assigned Copyrights other than the right to proceeds in association with a Recovery.** To the extent that Right haven's [sic] maintenance of rights to pursue infringers of the Stephens Media Assigned Copyrights in any manner would be deemed to diminish Stephens Media's right to Exploit the Stephens Media Assigned Copyrights, Righthaven hereby grants an exclusive license to Stephens Media to the greatest extent permitted by law so that Stephens Media shall have **unfettered and exclusive** ability to Exploit the Stephens Media Assigned Copyrights ...

It is clear from this section that Righthaven is prevented from obtaining, having, or otherwise exercising any right other than the bare right to sue, which is expressly forbidden pursuant to Silvers.